Christopher Lane FRANCIS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 3–93–463–CR & 3–93–464–CR.

Court of Appeals of Texas, Austin.

May 18, 1994.

Keith Hampton, Austin, for appellant.

Ken Anderson, Dist. Atty., John Bradley, Asst. Dist. Atty., Georgetown, for appellee.

Before CARROLL, C.J., and KIDD and B.A. SMITH, JJ.

PER CURIAM.

In number 3–93–463–CR, a jury found appellant guilty of aggravated sexual assault and assessed punishment at imprisonment for sixty years and a $10,000 fine. Tex. Penal Code Ann. § 22.021 (West 1989). In number 3–93–464–CR, the same jury found appellant guilty of possessing less than twenty-eight grams of cocaine and assessed punishment at imprisonment for twenty years and a $10,000 fine. Texas Controlled Substances Act, Tex. Health & Safety Code Ann. § 481.115 (West 1992).

Beginning on the night of March 17, 1990, and continuing into the early hours of March 18, appellant and the complainant were drinking in the complainant's house. The complainant testified that appellant began to talk to her "about smoking cocaine and about having sex." The complainant, who admitted having drug problems in the past, refused both proposals. Appellant, however, "kept insisting that I smoke the rock cocaine, you know, that I would want to have sex with him. If I didn't, he was threatening me and my [two] kids." Under the circumstances, the complainant agreed to share the crack cocaine with appellant. They smoked it through a glass pipe belonging to appellant.

Appellant again suggested that he and the complainant have sexual intercourse. When she persisted in her refusal, appellant became violently angry. He began to beat the complainant with his fists and slam her head against the floor. He then penetrated her both vaginally and orally. The physician who treated the complainant after the assault testified that she had "massive swelling and bruising to her face and to her head. She had wounds that would be compatible with human bites, one to each arm. She had a two centimeter tear present on her left labia." The complainant sustained a "blowout fracture" to the bone surrounding one eye. The complainant was seven months pregnant at the time of this incident. After observing fetal distress, doctors performed a Caesarean section but the infant was stillborn.

Investigating officers found a broken glass pipe and two vials in the complainant's house. A trace amount of what proved to be cocaine was visible in the vials. Cocaine residue was also found on the pipe, which the officers testified was of a type commonly used to smoke crack cocaine. In a recorded statement, appellant admitted beating and sexually assaulting the complainant while high on cocaine. According to appellant's statement, he and the complainant smoked five rocks of crack cocaine on the night in question.

## 1. Evidence and Punishment

■ Appellant contends the evidence is legally and factually insufficient to sustain his conviction for possession of cocaine. In determining the legal sufficiency of evidence to support a criminal conviction, the question is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Griffin v. State,* 614 S.W.2d 155 (Tex. Crim.App.1981). When conducting a factual sufficiency review, the evidence is not viewed in the light most favorable to the verdict. Instead, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State,* 836 S.W.2d 319 (Tex.App.—Austin 1992, no pet.). A verdict will be set aside for factual insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Stone v. State,* 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd as untimely filed).

■ To establish the unlawful possession of a controlled substance, the State must prove that the accused knowingly exercised care, custody, or control over the substance. *Cude v. State,* 716 S.W.2d 46, 47 (Tex.Crim. App.1986). Possession need not be exclusive, but can be jointly exercised with other persons. *Id.* When possession is not exclusive, there must be additional facts affirmatively linking the accused to the contraband. *Id.* When, as in this cause, the quantity of substance is too small to be measured, there

must be evidence other than its mere possession to prove that the accused knew the nature of the substance. *Shults v. State*, 575 S.W.2d 29, 30 (Tex.Crim.App.1979).

Appellant did not testify or offer any evidence in his defense. Nevertheless, he argues that the minute amount of cocaine found in the pipe and vials compels the conclusion that he believed that he had already consumed the cocaine, and therefore no longer knew he possessed the contraband within the legal meaning of possession. Citing a dissenting opinion from another court of appeals, appellant contends the State proved only the knowing prior use of cocaine, not its possession, and that the only offense proved was possession of drug paraphernalia. *King v. State*, 857 S.W.2d 718, 721–22 (Tex.App.—Houston [14th Dist.] 1993, pet. granted) (Sears, J., dissenting).

Appellant's argument is based on the premise that the State was required to prove he knowingly possessed the cocaine at the moment the pipe and vials were seized. In fact, the State was required to prove only that appellant possessed cocaine "on or about the 18th day of March, A.D. 1990," as alleged in the indictment. In his statement to the police, appellant confessed to smoking five rocks of crack cocaine on that date. This confession both linked appellant to the crack cocaine he admitted smoking and demonstrated his knowledge that it was contraband. Appellant's confession was corroborated by the testimony of the complainant and by the discovery of traces of cocaine in the pipe and vials. Even if we assume that appellant did not know that traces of cocaine remained in the vials and on the pipe after the rocks of crack cocaine were smoked, a rational trier of fact could conclude from the evidence that appellant knowingly exercised care, custody, and control over less than twenty-eight grams of cocaine on the date alleged.[1] Moreover, this conclusion is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust.

The evidence in this cause is much stronger than that deemed sufficient by a majority of the court in *King*. In that case, a crack pipe was found in the defendant's pocket following his arrest for public intoxication. The defendant's intoxication was apparently due to alcohol consumption. Cocaine residue was found in the pipe. Over Justice Sears's dissent, the court held that "the fact that the cocaine was visible in a crack pipe and [the pipe] was still damp with saliva, is sufficient to prove that the defendant knew the substance in his possession was a controlled substance." 857 S.W.2d at 720. In the cause before us, the State did not rely solely on the presence of cocaine traces in the pipe and vials. Instead, the jury also heard the testimony of the complainant and appellant's recorded statement admitting smoking crack cocaine on the day alleged. Points of error one and two in number 3–93–464–CR are overruled.

■ Appellant next urges that imprisonment for twenty years is cruel or unusual punishment for possessing only a trace of cocaine. Tex.Const. art. I, § 13. Appellant argues that the Texas Constitution's prohibition of punishment that is either cruel or unusual is broader than the Eighth Amendment's ban on punishment that is both cruel and unusual, and that the latter provision has been held to contain a guarantee against disproportionate sentences. U.S. Const. Amend. VIII; *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Appellant urges us to apply under the Texas Constitution the three-part test for disproportionality suggested in *Solem v. Helm*, by which we would be guided by (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Id.* at 292, 103 S.Ct. at 3010.

The power to define criminal offenses and prescribe their punishments resides in the

---

1. This cause was tried before the Court of Criminal Appeals announced its decision abandoning the use of the "alternative reasonable hypothesis" analysis in circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App. 1991). In light of appellant's admission to the police, we do not believe that there is an innocent hypothesis reasonably supported by the evidence.

legislature. *State ex rel. Smith v. Blackwell,* 500 S.W.2d 97, 104 (Tex.Crim.App.1973). The Court of Criminal Appeals has stated that article I, section 13 is not violated when the punishment assessed is within the limits prescribed by statute, as it is in this cause. *Samuel v. State,* 477 S.W.2d 611, 614 (Tex. Crim.App.1972). Assuming, however, that proportionality review is required by the Texas Constitution, appellant has failed to demonstrate that the punishment in this cause is disproportionate to the offense. Appellant asks us to take judicial notice that a twenty-year sentence for possession of a trace amount of cocaine "is virtually unheard of in Texas," but the evidence shows that appellant possessed five rocks of crack cocaine, which is much more than a trace. Further, the record contains no evidence regarding the sentences imposed on other criminals in Williamson County, or the sentences imposed in other Texas counties for the possession of similar amounts of cocaine. Considering the record before us, including the evidence of appellant's two previous felony convictions and two previous misdemeanor convictions, we are not persuaded that the punishment in this cause is either cruel or unusual. Point of error three in number 3–93–464–CR is overruled.

### 2. Competence

■ Appellant's final point of error in number 3–93–464–CR and his only point of error in number 3–93–463–CR is that the district court erred by failing to appoint an expert to determine his competence to stand trial. A person is incompetent to stand trial if he does not have (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational and factual understanding of the proceedings against him. Tex.Code

Crim. Proc. Ann. art. 46.02, § 1 (West 1979). The question of competence may be raised and determined either before or during trial. *Id.* § 2(a), (b) (West 1979). Appellant relies on section 2(b), which provides that if evidence of the defendant's incompetence is brought to the attention of the court during trial, the court must conduct a hearing out of the jury's presence to determine whether there is evidence to support a finding of incompetence to stand trial.[2]

Appellant contends the following incidents raised an issue as to his competence. When the indictment was read and appellant was asked to enter his plea, he responded, "By my acceptance of the blood of Jesus Christ, not guilty." Later, appellant interrupted defense counsel's cross-examination of the complainant and said, "Your Honor, I've asked that this court-appointed attorney don't question the witness, please. Don't cross-examine the witness. I have asked this court-appointed attorney not to cross-examine due to the preponderance of evidence." As the complainant left the witness stand, appellant told her, "I'm sorry about the baby." Finally, during defense counsel's cross-examination of another witness, appellant interjected, "Can I object, your Honor? I don't see what he's getting at."

Although appellant does not cite it as evidence of incompetence, one other episode deserves mention. During jury selection, appellant began to sing and loudly pray. Following this incident, the court stated out of the hearing of the panel, "[Appellant] made a display to the Court by saying, 'Your Honor, it looks like you have bit off more than you can chew,' which gave the Court the idea this Defendant may be staging this himself. That's the Court's opinion that's what he's doing."[3]

2. The State contends that no error is presented because appellant received the relief which he claims he was denied. At a hearing conducted three months before trial, a psychiatrist was appointed at defense counsel's request to determine whether appellant was competent to stand trial. Apparently, the only evidence of incompetence cited by counsel was appellant's refusal to talk to him. Although the resulting report does not appear in the record, nothing in the record contradicts the recital in the State's brief that the psychiatrist concluded that appellant was competent to stand trial. We do not dispose of appellant's point of error on this basis, however, because we understand appellant's complaint to be directed to the district court's failure to make an in-trial determination of competence.

3. Defense counsel questioned the potential jurors to determine if appellant's outburst would interfere with their ability to serve impartially as jurors. The three panelists who responded affirmatively to counsel's inquiry were excused for cause.

Unruly or disruptive courtroom behavior is not in itself evidence of incompetence. *Burks v. State,* 792 S.W.2d 835, 840 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). There is not a scintilla of evidence in the record that appellant either was incapable of consulting with counsel or lacked an understanding of the proceedings. To the contrary, appellant displayed a full understanding of the proceedings and of the nature of his conduct during several conversations with the district court. Defense counsel did not request a section 2(b) hearing. The district court did not err by failing to conduct on its own motion a hearing pursuant to article 46.02, section 2(b). It follows that the court also did not err by failing to appoint an expert after trial began to determine appellant's competence. The points of error are overruled.

The judgments of conviction are affirmed.