TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00593-CR







Ira Eugene Borchardt, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 195TH JUDICIAL DISTRICT


NO. F94-19426-KN, HONORABLE JOHN NELMS, JUDGE PRESIDING







 In a bench trial, appellant entered a plea of guilty to the offense of delivery of
marihuana of fifty pounds or less but more than five pounds. See Controlled Substances Act, 71st
Leg., R.S., ch. 678, sec. 1, § 481.120, 1989 Te. Gen. Laws 2230, 2938 (Tex. Health & Safety
Code Ann. § 481.120(b)(5), since amended). Punishment was assessed at confinement for life
and a fine of ten thousand dollars. Appellant asserts two points of error, contending that the
punishment violates appellant's constitutional rights under (1) U.S. Const. amend. VIII and (2)
Tex. Const. art. I, § 13 because the punishment is grossly disproportionate to the crime. We will
overrule appellant's points of error and affirm the judgment of the trial court.

 Appellant's plea of guilty was supported by a written judicial confession in which
he confessed to the essential elements of the offense. At the punishment phase of the trial,
appellant testified that he brought a buyer and a seller together for a marihuana transaction for
which he was paid a thousand dollars. Appellant related that he was trying to accommodate the
widow of an old friend. Under cross-examination, appellant admitted that he had been convicted
for the offenses of conspiracy to import marihuana, possession of heroin by a federal inmate, and
counterfeiting. Appellant acknowledged that one of his convictions was for possession of 481
pounds of marihuana and that he was familiar with people who deal in large quantities of drugs. 
Appellant stated that he had been trying to work with federal narcotic agents since he had been
out of prison.

 Mike Finnigan, an employee of the Dallas County District Attorney's office on
assignment to the Smuggling Unit of the United States Customs Service, testified that appellant
has a long history of smuggling drugs and was well connected with people in that business. 
Finnigan related that appellant offered information only after he was arrested and that the
information did not "pan out for us."

 Appellant's arguments under the federal and state constitutions are so closely
interrelated that we will consider them together. Appellant directs our attention to the three-part
test for disproportionality set forth in Solem v. Helm, 463 U.S. 277 (1983). When a court reviews
a sentence under the Eighth Amendment, it should be guided by objective factors, including: (1)
the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other
criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same
crime in other jurisdictions. Id. at 291. While noting that no penalty is per se constitutional, the
court stated, "Reviewing courts, of course, should grant substantial deference to the broad
authority that legislatures necessarily possess in determining the types and limits of punishments
for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." 
Id. at 290. Appellant recognizes that the United States Supreme Court's subsequent opinion in
Harmelin v. Michigan, 501 U.S. 957 (1991), failed to reach a consensus on the issue of
disproportionality of sentences and appears to leave federal law in an unsettled state. (1)

 Appellant directs our attention to two Texas cases for the proposition that a
proportionality claim similar to the one in the instant cause has been considered under the Texas
Constitution. See Francis v. State, 877 S.W.2d 441 (Tex. App.--Austin 1994, pet. filed); Johnson
v. State, 864 S.W.2d 708 (Tex. App.--Dallas), aff'd, No. 1340-93 (Tex. Crim. App. June 28,
1995). Both Francis and Johnson first recognized that punishment assessed within the limits
prescribed by statute, as in the instant cause, does not render punishment cruel or unusual under
article I, section 13 of the Texas Constitution. Francis, 877 S.W.2d at 444; Johnson, 864 S.W.2d
at 725; see McNew v. State, 608 S.W.2d 166, 174 (Tex. Crim. App. 1978); Samuel v. State, 477
S.W.2d 611, 614 (Tex. Crim. App. 1972). In Francis, the Solem proportionality review was
conditioned on such review being required by the Texas Constitution. 877 S.W.2d at 444. 
Neither Francis nor Johnson noted that Harmelin leaves a question about the continued viability
of the Solem proportionality review. (2)

 Appellant accepts the fact that he cannot raise a claim of cruel or unusual
punishment under the Solem standard since the record does not contain any evidence of sentences
assessed against other criminals in the same county or the punishments imposed for commission
of the same crime in other jurisdictions. Appellant urges that this Court should take judicial
notice that a life sentence for a drug offense is "preposterous." It is undisputed that the
punishment assessed appellant was within the limits prescribed by the statute. See Tex. Penal
Code Ann. § 12.32 (West 1994). The trial court was entitled to consider the damage caused to
society by people like appellant who traffic in drugs. See Johnson, 864 S.W.2d at 725. Giving
deference to stare decisis and the legislature's authority to determine punishments for crime, as
well as the discretion trial courts possess in sentencing criminals, we decline appellant's invitation
to take judicial knowledge that the punishment assessed appellant was cruel and unusual under
either U.S. Const. amend. VIII or Tex. Const. art. I, § 13. See Tex. R. Crim. Evid. 201(b). 
Appellant's first and second points of error are overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Davis* and Dally**

Affirmed

Filed: August 30, 1995

Do Not Publish




 * Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).


** Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   In Harmelin, Chief Justice Rehnquist and Justice Scalia stated that Solem should be
overruled because the Eighth Amendment contains no proportionality guarantee. 501 U.S. at 966-75. Justices Kennedy, Souter, and O'Connor appear to have concluded that the holding in Solem
should be narrowed. Id. at 1001-09. Justices White, Blackmun, and Stevens expressed the view
that there was no justification in overruling or limiting Solem. Id. at 1009-27. Justice Marshall,
in a separate opinion, joined in the view expressed in Justice White's opinion. Id. at 1027-28.
2.   Both Francis and Johnson rejected the defendants' claims that punishments assessed were
cruel and unusual.