TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00552-CR







David Elizondo, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 195TH JUDICIAL DISTRICT


NO. F93-27455-UN, HONORABLE JOHN NELMS, JUDGE PRESIDING







 In a bench trial, appellant entered a plea of not guilty to the offense of indecency
with a child younger than seventeen years. See Tex. Penal Code Ann. § 21.11 (West 1994). 
After finding appellant guilty, punishment was assessed at confinement for twenty years and a fine
of $10,000. In a single point of error, appellant contends that the trial court assessed punishment
inconsistent with the constitutional prohibitions against cruel and unusual punishment. We will
overrule appellant's point of error and affirm the judgment of the trial court.

 Appellant contends that his punishment is cruel and unusual under both the United
States Constitution and the Texas Constitution. See U.S. Const. amend. VIII; Tex. Const. art.
I, § 13. At the outset, we note that the court of criminal appeals has stated that article I, section
13 is not violated when the punishment assessed is within the limits prescribed by statute, as it is
in this cause. Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972).

 The eleven-year-old victim testified that while her mother was away from home,
she went into her bathroom, (1) closed the door, filled the bathtub with water, took off her clothes
and began to bathe. Appellant, her mother's live-in boyfriend, entered the bathroom dressed in
only a t-shirt. After asking appellant what he was doing in the bathroom, the victim pulled the
curtain in front of her. Appellant pulled the curtain back, told the victim he would not hurt her
and began touching the victim on her bottom and her genitals with his hand. When the victim's
mother "banged" on the front door, appellant told the victim that something bad would happen
to her and her mom if she told. Appellant ran to his bedroom and dressed before he opened the
door. After telling her mother what had happened, the victim was sent to Tennessee to live with
her father and her grandparents.

 At the guilt-innocence stage of the trial, defense counsel stated to the trial court that
appellant's touching of the victim was accidental and cross-examined the victim in accordance
with this theory. At the punishment phase of the trial, appellant admitted he was guilty of the
charged offense and stated his desire for probation. Appellant expressed a willingness to obtain
sex offender counseling and attend Alcoholics Anonymous, stating that he had been drinking on
the occasion in question.

 Appellant directs our attention to the proportionality test that the United States
Supreme Court set forth for determining whether punishment was cruel and unusual in Solem v.
Helm, 463 U.S. 277 (1983). The Solem analysis provides that when a court reviews a sentence
under the Eighth Amendment, it should be guided by objective factors, including: (1) the gravity
of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in
the same jurisdiction, and (3) the sentences imposed for the commission of the crime in other
jurisdictions. Id. at 292. While noting that no penalty is per se constitutional, Solem stated,
"Reviewing courts, of course, should grant substantial deference to the broad authority that
legislatures necessarily possess in determining the types and limits of punishments for crimes, as
well as to the discretion that trial courts possess in sentencing convicted criminals." Id. at 290.

 The Supreme Court, in a more recent opinion, appears to have narrowed the Solem
analysis. See Harmelin v. Michigan, 501 U.S. 957 (1991). Justice Kennedy's plurality opinion (2)
in Harmelin requires that the reviewing court first make a comparison of the gravity of the offense
against the severity of the sentence. Only if it is found that the sentence is grossly
disproportionate (3) to the offense will the remaining factors of the Solem test be considered. Id.
at 1004-05.

 Appellant urges that he should not have received the maximum punishment (4) since
he had no prior felony convictions. While this is a factor, we note that appellant's offense was
aggravated by his threat to do something bad to the victim and her mother if she told. Unlike the
instant cause, in State v. Bartlett, 830 P.2d 823 (Ariz.), cert. denied, U.S.   , 113 S. Ct. 511
(1992), a case cited by appellant, two teenagers testified that the defendants touching of them was
with their consent. Another distinguishing factor in Bartlett was that the forty-year sentence was
"hard time" without the possibility of early release or parole. Texas' parole system and its
relatively liberal policy of granting good time credits are considerations in a disproportionality
analysis. Solem, 463 U.S. at 302. We hold that appellant's punishment in the instant cause was
not grossly disproportionate to his crime and did not constitute cruel or unusual punishment under
the Eighth Amendment.

 Francis v. State, 877 S.W.2d 441 (Tex. App.--Austin 1994, no pet.), cited by
appellant, affords appellant no relief under Article I, section 13 of the Texas Constitution. In
Francis, this Court held that there was no violation of the state constitution since the punishment
assessed was within the limits prescribed by the statute. Id. at 444. The Solem review in Francis
was conditioned on the assumption that Solem's proportionality test was required by the Texas
Constitution. Id. Appellant's point of error is overruled.


 The judgment of conviction is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Davis* and Dally**

Affirmed

Filed: August 28, 1996

Do Not Publish




























* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).


** Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   The evidence shows that the home had two bathrooms.
2.   In Harmelin, Chief Justice Rehnquist and Justice Scalia stated that Solem should be
overruled because the Eighth Amendment contains no proportionality guarantee. 501 U.S. at 965. 
Justices Kennedy, Souter, and O'Connor concluded that the holding in Solem should be narrowed. 
Id. at 996-1009. Justices White, Blackmun, and Stevens expressed the view that there was no
justification in overruling or limiting Solem. Id. at 1009-27. Justice Marshall, in a separate
opinion, joined in the view expressed in Justice White's opinion. Id. at 1027-28.
3.   The Fifth Circuit Court of Appeals' analysis of Harmelin found that seven justices voted
to continue the guaranty against disproportional sentences; however, only four justices supported
the three factor test of Solem. Thus, Justice Kennedy's grossly disproportionate test must be met
before considering the other two Solem factors. McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir.), cert. denied, U.S. , 113 S. Ct. 146 (1992). Lackey v. State, 881 S.W.2d 418 (Tex.
App.--Dallas 1994, pet. ref'd), reviewed McGruder and Harmelin and concluded that the grossly
disproportionate analysis was the proper test in an Eighth Amendment issue. Id. at 420-21.
4.   See Tex. Penal Code §§ 21.11, .33 (West 1994). 



t appellant's punishment in the instant cause was
not grossly disproportionate to his crime and did not constitute cruel or unusual punishment under
the Eighth Amendment.

 Francis v. State, 877 S.W.2d 441 (Tex. App.--Austin 1994, no pet.), cited by
appellant, affords appellant no relief under Article I, section 13 of the Texas Constitution. In
Francis, this Court held that there was no violation of the state constitution since the punishment
assessed was within the limits prescribed by the statute. Id. at 444. The Solem review in Francis
was conditioned on the assumption that Solem's proportionality test was required by the Texas
Constitution. Id. Appellant's point of error is overruled.


 The judgment of conviction is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Davis* and Dally**

Affirmed

Filed: August 28, 1996

Do Not Publish




























* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).