11th Court of Appeals
Eastland, Texas
Opinion 
 
Shannon Lee Bray
            Appellant
Vs.                  Nos. 11-03-00364-CR & 11-03-00365-CR -- Appeals from Midland County 
State of Texas
            Appellee
 
            The trial court convicted Shannon Lee Bray of two felony charges of driving while
intoxicated and assessed his punishment at confinement for ten years in each cause. In each case,
appellant presents two issues related to the length of the sentence ordered by the trial court. We
affirm. 
            On January 21, 2003, appellant was involved in a traffic accident with another vehicle. 
Officer Jesse Ortiz of the Midland Police Department arrived at the scene and interviewed appellant. 
During the interview, the officer detected a strong odor of alcohol on appellant’s breath. The officer
performed a series of field sobriety tests on appellant. Appellant failed all of them. Based on the
results of these tests, the officer determined that appellant was intoxicated. The officer then arrested
appellant for driving while intoxicated. On April 3, 2003, appellant was indicted. On April 6, 2003,
appellant was again arrested for driving while intoxicated. Appellant was separately indicted for this
subsequent offense. Each indictment contained an allegation of two prior DWI convictions and an
enhancement paragraph alleging a prior burglary conviction. The two cases were consolidated for
trial. Appellant waived his right to a trial by jury, and the court found him guilty of two felony
charges of driving while intoxicated. 
            During sentencing, appellant pleaded “[t]rue” to the prior burglary conviction alleged in the
enhancement paragraph of each indictment. The trial court sentenced appellant to ten years
imprisonment for each DWI offense and ordered both sentences to run concurrently with each other. 
The State requested that the trial court stack appellant’s two concurrent DWI sentences on top of a
ten-year boating-while-intoxicated (BWI) sentence from a prior conviction in Tom Green County. 
The trial court agreed and ordered that the two concurrent ten-year DWI sentences not begin to run
until after appellant completed his ten-year sentence for the BWI conviction. Appellant appeals the
trial court’s order to stack these sentences.
            A complaint about consecutive sentences is reviewed under an abuse-of-discretion standard. 
See Macri v. State, 12 S.W.3d 505, 511 (Tex.App. – San Antonio 1999, pet’n ref’d). The legislature
has, by statute, given the trial court the discretion to stack the sentences for two or more convictions. 
Harvey v. State, 821 S.W.2d 389, 392 (Tex.App. – Houston [14th Dist.] 1991, pet’n ref’d). The trial
court, in its discretion, may impose either a concurrent or consecutive (stacked) sentence when a
defendant has been convicted in two or more cases. See TEX. CODE CRIM. PRO. ANN. art.
42.08(a) (Vernon Supp. 2004 - 2005). An abuse of discretion generally will be found only if the trial
court imposes consecutive sentences where the law requires concurrent sentences, if the court
imposes concurrent sentences but the law requires consecutive ones, or if the court otherwise fails
to observe the statutory requirements pertaining to sentencing. Nicholas v. State, 56 S.W.3d 760,
765 (Tex.App. - Houston [14th Dist.] 2001, pet’n ref’d). We find nothing in the record to indicate
that the trial court abused its discretion.
            Appellant first argues that the trial court’s stacking of the concurrent DWI sentences on top
of the prior BWI sentence violates both federal and state prohibitions against cruel and unusual
punishment. We disagree. It has long been recognized that, if the punishment assessed is within the
range of punishment established by the legislature under its constitutional authority, there is no
violation of the state constitutional provisions against cruel and unusual punishment. Baldridge v.
State, 77 S.W.3d 890, 893 (Tex.App. - Houston [14th Dist.] 2002, pet’n ref’d); Puga v. State, 916
S.W.2d 547, 550 (Tex.App. - San Antonio 1996, no pet’n). 
            The trial court assessed punishment within the limits prescribed by law. Appellant was
convicted of two felony charges of DWI. At the sentencing hearing, each charge was enhanced to
a second-degree felony. The range of punishment for a second-degree felony is a minimum of two
years imprisonment and a maximum of 20 years imprisonment. TEX. PEN. CODE ANN. § 12.33
(Vernon 2003). The trial court sentenced appellant to ten years imprisonment for each DWI convic-tion, to run concurrently with each other. 
            Appellant had previously been convicted of another second-degree felony, boating while
intoxicated. The sentence already imposed for that offense was ten years imprisonment. The trial
court decided to stack the ten-year concurrent DWI sentences on top of the prior ten-year BWI
sentence. The total of 20 years imprisonment is the maximum sentence for the commission of one
second-degree felony. See Section 12.33. The trial court convicted appellant of two second-degree
felonies. The sentences were within the statutory limits and do not violate state prohibitions against
cruel and unusual punishment. 
            We recognize, however, that the prohibition against grossly disproportionate punishment
survives under the Eighth Amendment of the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the legislature. See Latham
v. State, 20 S.W.3d 63, 68-69 (Tex.App. - Texarkana 2000, pet’n ref’d).
            The Eighth Amendment, which is applicable to the states by virtue of the Fourteenth
Amendment, has been recognized as encompassing a narrow proportionality principle. Robinson
v. California, 370 U.S. 660 (1962). It prohibits greatly disproportionate sentences. Weems v. United
States, 217 U.S. 349, 371 (1910). Punishment will be grossly disproportionate to a crime only when
an objective comparison of the gravity of the offense against the severity of the sentence reveals the
sentence to be extreme. Harmelin v. Michigan, 501 U.S. 957, 1004-06 (1991). Only if we infer that
the sentence is grossly disproportionate to the offense will we compare the sentence received to (1)
sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other
jurisdictions. Harmelin v. Michigan, supra. 
            Driving while intoxicated is a grave and serious offense which threatens the health and safety
of not only the intoxicated driver, but also every person on or near the roadways, including
pedestrians, motorists and their passengers, law enforcement officers, and the friends and family of
anyone who is injured or killed by a drunk driver. The record reflects that appellant, while under the
influence of alcohol, was involved in a traffic accident. While no one was seriously injured in this
particular accident, the potential for injury or death is always present when an individual decides to
drive while intoxicated. 
            The trial court, based on appellant’s history with intoxication-related offenses, determined
appellant to be a danger to both himself and the citizens of Midland County. In addition to the two
DWI offenses for which he was charged, appellant had previously been convicted of the offense of
BWI. Appellant’s criminal record, furthermore, demonstrates a long history of DWI offenses,
including offenses committed in April 1989, November 1989, June 1990, October 1991, and May
1992, and a possession of cocaine offense committed in January 1998. The trial court also took into
consideration a prior conviction for burglary of a building, a felony offense committed in 1997. 
            The trial court further considered evidence tending to show that, whenever appellant had
received leniency in the past, he continued to engage in criminal behavior. When appellant had been
convicted of two counts of felony DWI in 1992, he was placed on community supervision and sent
to a treatment facility for alcohol abuse. In 1997, appellant violated the terms and provisions of his
community supervision, and it was revoked. In 1998, after appellant had been found guilty of
possession of cocaine, he was again placed on community supervision. In 1999, appellant again
violated the terms and provisions of his community supervision, and it was again revoked. 
            Under this record, the sentences were not grossly disproportionate to the offenses committed. 
Furthermore, there is no evidence in the record comparing the sentences appellant received to the
sentences received by other defendants in this or other jurisdictions who committed a similar offense
under similar circumstances; so, even if we were to conclude that the sentences were grossly dispro-portionate, appellant has provided us with nothing to review. See Fluellen v. State, 71 S.W.3d 870,
873 (Tex.App. - Texarkana 2002, pet’n ref’d); Francis v. State, 877 S.W.2d 441, 444 (Tex.App. -
Austin 1994, pet’n ref’d). We hold that the trial court did not abuse its discretion. Appellant’s first
issue is overruled.
            Appellant also asserts that TEX. CODE CRIM. PRO ANN. art. 42.08 (Vernon Pamph. Supp.
2004 - 2005), which grants the trial court the discretion to order consecutive sentences, is an
unconstitutional denial of appellant’s Fifth and Fourteenth Amendment due process rights. We
disagree. The Court of Criminal Appeals has ruled on this issue, finding that cumulative sentences
have been held valid in this state since 1881 and holding that Article 42.08 does not deprive individ-uals of their constitutional right to due process. Hammond v. State, 465 S.W.2d 748, 752
(Tex.Cr.App.1971).
            Appellant asserts, nonetheless, that Article 42.08 violates the rule recently announced by the
United States Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000). The Apprendi rule
states that, other than the fact of a prior conviction, any fact that increases the penalty for a crime
beyond the prescribed statutory maximum must be submitted to the fact finder and proved beyond
a reasonable doubt. Apprendi v. New Jersey, supra at 490. 
            The Apprendi rule, however, does not apply here. First, in reaching its sentencing decision,
the trial court relied upon appellant’s prior convictions. These are not subject to the Apprendi rule. 
See Apprendi v, New Jersey, supra. Second, even if there is some evidence in the record that the
trial court used a fact other than the prior convictions in reaching its decision, such as appellant’s
future dangerousness, the sentence the trial court ordered did not increase appellant’s penalty beyond
the prescribed statutory maximum. The statutory maximum for the commission of one second-degree felony is 20 years imprisonment. Section 12.33. Appellant received a total of 20 years
imprisonment for the commission of three second-degree felonies, including the prior BWI
conviction, so the statutory maximum has not been exceeded. Appellant’s argument is without
merit. Consequently, we overrule appellant’s second issue.
            The judgments of the trial court are affirmed. 
 
                                                                                    JIM R. WRIGHT
                                                                                    JUSTICE
 
January 31, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.