Federico Martinez PUGA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–94–00782–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 3, 1996.

Kathi A. Drew, Dallas, for Appellant.

Paula Abel Childs, April E. Smith, Assistant District Attorney, Dallas, for Appellee.

---

Before LÓPEZ, HARDBERGER and ONION, JJ.

## OPINION

JOHN F. ONION, Jr., Justice [1].

This appeal is taken from a conviction in a bench trial for delivery of cocaine in an amount of 28 grams or more but less than 200 grams. *See* Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex.Gen. Laws 2230, 2935–36 (former section 481.112(c) of the Texas Health & Safety Code).[2] Appellant, Federico Martinez Puga, waived trial by jury and entered a plea of guilty to the indictment. The careful trial court admonished appellant of the consequences of his plea and made sure that appellant understood the range of punishment applicable to the offense charged—that is not less than five years nor more than ninety-nine years' imprisonment, and in addition, a possible fine not to exceed fifty thousand dollars. *See* Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex.Gen. Laws 2230, 2935–36 (former section 481.112(d)(1) of the TEXAS HEALTH & SAFETY CODE). The trial court also determined that there was no plea bargain as to punishment. After the trial court heard evidence to support the guilty plea, the State's punishment recommendation of fifty years' imprisonment and a two thousand dollar fine to be "stacked" on four prior twenty-year sentences was rejected. The trial court assessed appellant's punishment at sixty-five years' imprisonment and a fine of eight hundred dollars which sentence was to run concurrently with all other outstanding sentences.

Appellant advances two points of error. He contends that the punishment assessed violates appellant's constitutional rights under (1) the Eighth Amendment to the United States Constitution and (2) Article I, section thirteen of the Texas Constitution, as it is cruel and unusual being "grossly disproportionate to the crime."

The Eighth Amendment, which is applicable to the states by virtue of the Fourteenth Amendment, *see Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), has been recognized as encompassing a narrow proportionality principle. In *Weems v. United States*, 217 U.S. 349, 371, 30 S.Ct. 544, 550, 54 L.Ed. 793 (1910), the Eighth Amendment was interpreted as prohibiting "greatly disproportioned" sentences quoting *O'Neil v. Vermont*, 144 U.S. 323, 340, 12 S.Ct. 693, 699, 36 L.Ed. 450 (1892) (Field, J., dissenting). The most extensive application of the proportionality principle has been in death penalty cases, *Enmund v. Florida*, 458 U.S. 782, 797–802, 102 S.Ct. 3368, 3376–78, 73 L.Ed.2d 1140 (1982); *Coker v. Georgia*, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), but it has also been applied to non-capital cases. *Rummel v. Estelle*, 445 U.S. 263, 271–274, 100 S.Ct. 1133, 1137–1139, 63 L.Ed.2d 382 (1980); *see also Hutto v. Davis*, 454 U.S. 370, 374, 102 S.Ct. 703, 705, 70 L.Ed.2d 556 (1982). Thus, a state criminal sentence must be proportionate to the crime for which the defendant has been convicted. The United States Supreme Court has stated that "although a sentence may be within the range permitted by statute, it may nonetheless run afoul of the Eighth Amendment prohibition against cruel and usual punishment." *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983). While recognizing that reviewing courts should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes and to the discretion that trial courts [3] possess in imposing sentences, the Supreme Court wrote that "no penalty is *per se* constitutional." 463 U.S. at 290, 103 S.Ct. at 3009. The Court further stated:

A court's proportionality analysis . . . should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sen-

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN § 74.003(b) (Vernon 1988).

2. Now see TEX.HEALTH & SAFETY CODE ANN. § 481.112 (Vernon Supp.1995).

3. This statement undoubtedly is applicable to State where in certain cases the jury has the discretion to assess punishment within the range established by the legislature.

tences imposed on other criminals in the same jurisdiction; and (iii) the sentences impose for the commission of the same crime in other jurisdictions.

463 U.S. at 292, 103 S.Ct. at 3011.

In *Solem,* the Supreme Court invalidated a state statute that prescribed life imprisonment without the possibility of parole when applied to a recidivist with a series of non-violent prior offenses.

In 1991, the Supreme Court re-examined its analysis in *Solem. Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), upheld a life sentence without the possibility of parole for possession of 672 grams of cocaine against an Eighth Amendment challenge. *Harmelin* left the law, as appellant concedes, in a confusing state. Justice Scalia, joined by the Chief Justice, wrote, "*Solem* was simply wrong; the Eighth Amendment contains no proportionality guarantee." *Harmelin,* 501 U.S. at 965, 111 S.Ct. at 2686. Justice Kennedy, joined by Justices O'Connor and Souter, found that the Eighth Amendment encompasses a narrow proportionality principle that applies to non-capital sentences and clarified *Solem*'s three-factor analysis. 501 U.S. at 995–1010, 111 S.Ct. at 2701–10. Justices White and Marshall, writing separately, concluded that the Eighth Amendment does include a "proportionality principle." Justices Stevens and Blackmum found the sentence "capricious" which violated the cruel and unusual provision of the Eighth Amendment and by inference, any "proportionality" requirements.

*Harmelin* left much uncertainty in its wake. One court found that *Harmelin* provided no guidance in articulating the proper approach for an Eighth Amendment review, observing that the *Harmelin* court could not reach a consensus on whether a proportionality review should exist or the appropriate standard to apply when reviewing a sentence for proportionality. *United States v. Angulo–Lopez,* 7 F.3d 1506, 1510 (10th Cir.1993). Without determining whether *Harmelin* overruled *Solem,* the court addressed the proportionality concerns under *Solem,* noting that the defendant had not raised the second and third criteria under *Solem.* Applying the first criteria, the court concluded that Angulo–Lopez's life sentence for masterminding a conspiracy involving 47.82 kilograms of crack cocaine was not violative of the Eighth Amendment in view that life sentence in *Harmelin* for possessing 672 grams of cocaine was not violative of the Eighth Amendment. *Id.; see also United States v. Robertson,* 45 F.3d 1423, 1447 (10th Cir. 1995). In Texas, at least two courts have passed on proportionality contentions under *Solem* simply ignoring or overlooking *Harmelin. See Cantu v. State,* 866 S.W.2d 647 (Tex.App.—Houston [14th Dist.] pet. ref'd); *Smallwood v. State,* 827 S.W.2d 34, 37–38 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). We thus look for guidance from other cases.

■ Interpreting *Harmelin,* the Fifth Circuit Court of Appeals has written:

By applying a head-count analysis, we find that seven members of the Court supported a continued Eighth Amendment guarantee against disproportional sentences. Only four justices, however, supported the continued application of all three factors in *Solem,* and five justices rejected it. Thus, this much is clear: disproportionality survives; *Solem* does not. Only Justice Kennedy's opinion reflects that view. It is to his opinion, therefore, that we turn for direction. Accordingly, we will initially make a threshold comparison of the gravity of McGruder's offenses against the severity of his sentence. Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions.

*McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.), *cert. denied,* 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992); *see Harmelin,* 501 U.S. at 1004–06, 111 S.Ct. at 2707, (gross disproportionality) (Kennedy, J., plurality op.). We agree with the Fifth Circuit that disproportionality survives after *Harmelin,* and we will review a sentence to determine whether it is grossly disproportionate to the crime. *Harmelin,* 501 U.S. at 1004–06, 111

S.Ct. at 2707 (Kennedy, J., plurality op.); *see also Lackey v. State*, 881 S.W.2d 418, 421 (Tex.App.—Dallas 1994, pet. ref'd).

As will be discussed below, we hold that appellant's sentence is not grossly disproportionate to his crime; accordingly, we do not decide what role, if any, the remaining factors of *Solem* play in his disproportionality points of error.

Appellant's conduct in delivering cocaine more than twenty-eight grams was an aggravated offense at the time of its commission as provided by former section 481.112(c) of the Texas Health and Safety Code. It carried the penalties previously noted. Delivery of cocaine, a controlled substance known for its addictive powers, has long been considered a serious offense. Possession, use, and distribution of illegal drugs represents one of the greatest problems affecting the health and welfare of our population. Studies clearly demonstrate the direct nexus between illegal drugs and crimes of violence. The record shows appellant negotiated a sale of four ounces of cocaine for $3,600 with undercover Dallas Police Officer C.C. Martinez. Appellant was described by Martinez as a major supplier of narcotics and a threat to society. Appellant employed eight members of a youthful gang called "The Untouchables" for distribution purposes. Four of appellant's arrests, including the instant one, occurred while he was out on bail in other cases. Appellant had plead guilty to five offenses of drug delivery and had been charged with conspiring to trade weapons for cocaine.

The sixty-five year sentence imposed was well within the range of punishment set by the legislature for the offense charged. The sentence was thirty-four years below the maximum term of imprisonment permitted, and the eight hundred dollar fine was woefully short of the possible fine of fifty thousand dollars. The trial court did not "stack" the sentence on other sentences. All sentences were permitted to be served concurrently. Appellant will also be eligible for parole unlike the situations in *Solem* and *Harmelin*. No recidivist statute was involved. Appellant's sentence is not grossly disproportionate to his crime and does not violate the cruel and unusual punishment provision of the Eighth Amendment. Appellant's first point of error is overruled.

In point of error two, appellant advances the same complaint but this time claiming a violation of Article I, section thirteen of the Texas Constitution. It has long been recognized that if the punishment assessed is within the range of punishment established by the legislature under its constitutional authority, there is no violation of the state constitutional provisions against cruel and unusual punishment. *McNew v. State*, 608 S.W.2d 166, 174 (Tex.Crim.App. 1978); *Samuel v. State*, 477 S.W.2d 611, 614 (Tex.Crim.App.1972); *Francis v. State*, 877 S.W.2d 441, 444 (Tex.App.—Austin 1994, pet. ref'd); *Johnson v. State*, 864 S.W.2d 708, 725 (Tex.App.—Dallas 1993), *aff'd*, 912 S.W.2d 227 (Tex.Crim.App.1995). And normally, under these circumstances, it is not within the province of an appellate court to pass upon the propriety of the sentence. *See Gonzales v. State*, 386 S.W.2d 139, 140 (Tex.Crim.App. 1965).

Neither by argument or authority has appellant established that the cruel and unusual provisions of the state constitution are broader and offer greater protection than the Eighth Amendment. Nothing is presented for review. *See Johnson v. State*, 853 S.W.2d 527, 533 (Tex.Crim.App.1992), *cert. denied*, —— U.S. ——, 114 S.Ct. 154, 126 L.Ed.2d 115 (1993); *Muniz v. State*, 851 S.W.2d 238, 251 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993); *Robinson v. State*, 851 S.W.2d 216, 222 n. 4 (Tex.Crim.App.1991), *cert. denied*, —— U.S. ——, 114 S.Ct. 2765, 129 L.Ed.2d 879 (1994); *see also State v. Toone*, 872 S.W.2d 750, 751 n. 4 (Tex.Crim. App.1994).

Moreover, appellant has not demonstrated that Article I, section 13 of the Texas Constitution contains a proportionality guarantee. In *Francis*, the defendant contended that the state constitutional provision contained a guarantee against disproportionate sentences and was broader than the Eighth Amendment. The Court, assuming without deciding that a proportionality review is required by the state constitution, held that the defendant failed to demonstrate that the punish-

ment assessed in his case was disproportionate to the offense. *Id.* at 444. The same is true here. Point of error two is overruled.

The judgment is affirmed.