COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-259-CR
 
DAVID BENSON SMITH           
           
           
           
           
        APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
STATE
------------
FROM THE 213
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant David Benson Smith entered a
plea of guilty to the offense of sexual assault of a child under seventeen, and
the jury assessed his punishment at eighteen years' confinement in the
Institutional Division of the Texas Department of Criminal Justice and a fine of
eight thousand dollars. The trial court sentenced him accordingly. Appellant
brings three points on appeal, challenging the trial court's admission of
evidence over his hearsay objection and arguing that his sentence violates
federal and state constitutional prohibitions against a sentence grossly
disproportionate to the crime. Because the trial court did not err, we affirm
the trial court's judgment.
Background Facts
Appellant entered a plea of guilty to the
allegation that on August 15, 2001, he did knowingly and intentionally commit
the offense of sexual assault of a child under seventeen years of age. The child
was his step-daughter, Complainant. By the time she was fifteen years old,
Appellant was having regular sexual relations with her. Complainant became
pregnant, and Appellant conspired to have the pregnancy aborted without his wife
finding out. Complainant's mother discovered his plan and immediately took her
to the police. An abortion was later performed, and a DNA test on the fetus
established that Appellant was the father.
Hearsay Objection
During the punishment phase of the trial,
the following dialogue transpired between the prosecutor and Complainant:

        
 Q. And do people -- do other kids at your school know what has happened to
 you?
        
 A. A lot of them.
        
 Q. Did you tell them about that?
        
 A. No. A lot of people -- I mean, it's just kids[--]talk and if one kid knows,
 everybody knows.
         Q.
 All right. And have things been said to you?
        
 A. Yeah.
        
 Q. Have they been unkind things?
        
 A. Yeah.
        
 Q. Having to do with what the Defendant did to you?
        
 A. Yeah.
        
 Q. What types of things have been said to you?
        
 [Defense Counsel]: Object to hearsay, Judge.
        
 THE COURT: Overruled.
        
 Q. [by prosecutor] Go ahead.
        
 A. I had a guy say to me one time, what type of girl are you that your own dad
 would even rape you. And I have had stuff written on my car before.
        
 Q. What have you had written on your car?
        
 A. Well, it was marks all over my car and then on the back window, over the
 whole window, there was a big penis and it said suck this. And then it had the
 initials DS and ZJ on it.
        
 Q. Okay. What else has been said to you?
        
 A. I've just had people say stuff like, well, did you not have the courage to
 tell anybody or, you know, what kind of person are you to just take that or
 why couldn't -- you know, why does it depress you.

In his first point on appeal, Appellant
argues that the trial court erred in admitting what he describes as prejudicial
hearsay at the punishment phase of the trial. "'Hearsay' is a statement,
other than one made by the declarant while testifying at the trial or hearing,
offered in evidence to prove the truth of the matter asserted."(2) 
An out-of-court statement offered for the purpose of showing what was said
rather than the truth of the matter stated is not hearsay.(3)
When Complainant testified to unkind
things her fellow students had said to her, she was merely describing the
statements and not asserting the truth of the statements. They were not offered
for the truth of the assertions, but merely to show that the statements were
made. Consequently, this evidence does not constitute hearsay, and the trial
court properly overruled Appellant's objection. We overrule Appellant's first
point on appeal.
Disproportionality of the
Sentence
In his second and third points on appeal,
Appellant argues that his eighteen-year sentence violates the Eighth Amendment
to the United States Constitution and article I, section 13 of the Texas
Constitution because the sentence is "grossly disproportionate to the
crime."
Justice Walker of this court has
thoroughly and thoughtfully addressed this issue. I borrow her analysis:

 Much confusion exists concerning whether
 the Eighth Amendment contains a proportionality guarantee prohibiting
 sentences that are grossly disproportionate to the offense. In 1983, in Solem
 v. Helm, the United States Supreme Court affirmatively held that the
 Eighth Amendment prohibited "disproportionate" prison sentences. 463
 U.S. 277, 284, 103 S. Ct. 3001, 3006 (1983) (recognizing that "[t]he
 final clause [of the Eighth Amendment] prohibits not only barbaric
 punishments, but also sentences that are disproportionate to the crime
 committed"). In Solem, the Supreme Court set aside, as violative
 of the Eighth Amendment, a sentence of life imprisonment without the
 possibility of parole imposed under a South Dakota recidivist statute. Id.
 at 303, 103 S. Ct. at 3016-17. The Supreme Court identified three criteria to
 be used to evaluate the proportionality of a particular sentence. Id.
 at 292, 103 S. Ct. at 3011. They are "the gravity of the offense and the
 harshness of the penalty; . . . the sentences imposed on other criminals in
 the same jurisdiction; and . . . the sentences imposed for commission of the
 same crime in other jurisdictions." Id.
        
 In 1991, in Harmelin, the Supreme Court called into question the
 continued viability of Solem. With four justices dissenting, the
 majority held that a mandatory life sentence imposed on a defendant for
 possessing more than 650 grams of cocaine did not violate the Eighth
 Amendment. [Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680
 (1991).] The Court was divided, however, concerning the basis for this
 holding. Justice Scalia, joined by Chief Justice Rehnquist, addressed the
 appellant's proportionality argument by holding that Solem was
 "simply wrong" and argued that the Eighth Amendment contains no
 proportionality guarantee in the non-death-penalty context. Id. at
 965, 111 S. Ct. at 2686 (Scalia, J., joined by Rehnquist, C.J., in an
 opinion). Justice Kennedy, joined by Justices O'Connor and Souter, concurred
 and reasoned that indeed the Eighth Amendment did encompass "a narrow
 proportionality principle" that "applies to noncapital
 sentences." Id. at 997, 111 S. Ct. at 2702-03 (Kennedy, J.,
 joined by O'Connor & Souter, JJ., concurring in part, concurring in
 judgment).
        
 Left to decipher whether, in the wake of Harmelin, the Eighth
 Amendment did or did not prohibit disproportionate sentences in a
 non-death-penalty context, the Fifth Circuit concluded that "disproportionality
 survives; Solem does not." McGruder v. Puckett, 954
 F.2d 313, 316 (5th Cir.), cert. denied, 506 U.S. 849
 (1992). The Fifth Circuit applied a modified Solem test adopted by
 Justice Kennedy in Harmelin. Id. That is, the court
 initially made a threshold comparison of the gravity of the offense against
 the severity of the sentence. Id. Only upon a determination that the
 sentence is grossly disproportionate to the offense would the court consider
 the remaining Solem factors. Id.
        
 The majority of the Texas appellate courts have followed and applied the Fifth
 Circuit's McGruder analysis in addressing Eighth Amendment
 proportionality complaints. Bradfield v. State, 42 S.W.3d 350, 353
 (Tex. App.--Eastland 2001, pet. ref'd); Hicks v. State, 15 S.W.3d
 626, 632 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd); Dunn
 v. State, 997 S.W.2d 885, 891-92 (Tex. App.--Waco 1999, pet. ref'd); Jackson
 v. State, 989 S.W.2d 842, 845 (Tex. App.--Texarkana 1999, no pet.); Mathews
 v. State, 918 S.W.2d 666, 669 (Tex. App.--Beaumont 1996, pet. ref'd); Puga
 v. State, 916 S.W.2d 547, 549-50 (Tex. App.--San Antonio 1996, no pet.); Lackey
 v. State, 881 S.W.2d 418, 421 (Tex. App.--Dallas 1994, pet. ref'd). We
 also adopt the McGruder proportionality analysis.
        
 We first make a threshold comparison of the gravity of the offense against the
 severity of the sentence. Solem, 463 U.S. at 291-92, 103 S. Ct. at
 3010; McGruder, 954 F.2d at 316. We are to judge the gravity of the
 offense in light of the harm caused or threatened to the victim or society,
 and the culpability of the offender. Solem, 463 U.S. at 291-92, 103
 S. Ct. at 3010.(4)

 
Appellant has offered no arguments for
treating his claim under article I, section 13 differently from his Eighth
Amendment claim. We therefore also analyze his state claim under McGruder.(5)
Examining the circumstances of the offense, we note that Appellant, who had been
like a father to Complainant, had repeated sexual relations with the
fifteen-year-old girl. She was ostracized and degraded by her peers, and she
testified that she suffered from depression and other emotional problems as the
result of the sexual assaults. Appellant, for his part, saw little wrong with
what he had done.
Appellant bears a high degree of
culpability, and society recognizes the gravity of the crime as great. The
legislature established a range of punishment of two to twenty years by
designating this offense a second degree felony.(6)
Thus, the legislature has provided guidance to the jury while allowing the jury
to exercise its discretion in determining whether the circumstances of the
offense dictate a minimum sentence of two years, probated, or a maximum sentence
of twenty years' incarceration and a ten-thousand-dollar fine, or some sentence
in between this minimum and maximum. Appellant abused his position of trust,
duty, and authority. Comparing the gravity of the offense with the severity of
the punishment, we hold that Appellant's sentence is not grossly
disproportionate to his offense and does not violate the Eighth Amendment to the
Constitution of the United States or article 1, section 13 of the Texas
Constitution. We overrule Appellant's second and third points.
Conclusion
Having overruled Appellant's three points
on appeal, we affirm the trial court's judgment.
 
                                                                       
LEE ANN DAUPHINOT
                                                                       
JUSTICE
 
PANEL A: CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.
               
CAYCE, C.J. and LIVINGSTON, J. concur without
opinions.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: April 10, 2003

1. See Tex. R. App. P. 47.4.
2. Tex R. Evid. 801(d).
3. McKay v. State, 707 S.W.2d 23, 33 (Tex. Crim.
App. 1985), cert. denied, 479 U.S. 871 (1986).
4. Moore v. State, 54 S.W.3d 529, 541-42 (Tex.
App.--Fort Worth 2001, pet. ref'd).
5. See Simmons v. State, 944 S.W.2d 11, 15 (Tex.
App.--Tyler 1996, pet. ref'd).
6. Tex. Penal Code Ann. §§ 12.33, 22.011(f) (Vernon
2003).