Opinion filed December 14, 2006
















 
 
  
 
 







 
 
  
 
 




Opinion filed December 14, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00179-CR 

                                                     __________

 

                             BUFORD
GLEN WHITEHEAD, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                              On
Appeal from the 91st District Court

 

                                                          Eastland County, Texas

 

                                                Trial
Court Cause No. CR-03-20,196

 



 

                                                                   O
P I N I O N

 

Buford Glen Whitehead appeals his conviction by a
jury of the offenses of bail jumping and failure to appear.  Finding that Whitehead had been finally
convicted of two prior felony offenses as alleged in the indictment, the jury
assessed his punishment at life imprisonment in the Texas Department of
Criminal Justice, Institutional Division. 
In two issues, Whitehead contends (1) that his life sentence is
violative of his rights as guaranteed by the Eighth Amendment of the United
States Constitution and as guaranteed by Article I, section 13 of the Texas
Constitution and (2) that the evidence is factually insufficient to support the
finding that Whitehead did not have a reasonable excuse for his failure to
appear in accordance with the terms of his release.








Whitehead contends in issue one that his life
sentence is violative of his rights as guaranteed by the Eighth Amendment of
the United States Constitution and as guaranteed by Article I, section 13 of
the Texas Constitution.  A life sentence
imposed under Texas
habitual offender statutes does not constitute cruel and unusual punishment in
violation of the Eighth Amendment of the United States Constitution.  Rummel v. Estelle, 445 U.S. 263, 285
(1980).  Whitehead primarily relies on
the case of Solem v. Helm, 463 U.S. 277 (1983). As the court noted in Solem,
it is distinguishable from Rummel because in Solem the defendant
was sentenced to life with no possibility of parole, whereas Rummel was
eligible for a reasonably early parole.  Id.  Whitehead makes no distinction between his
situation and that of Rummel.  Nothing is
presented for review with respect to Whitehead=s
contention that the punishment violates the protections afforded to him under
Article I, section 13 of the Texas Constitution inasmuch as he has presented no
argument or authority establishing that this provision affords broader or
greater protection than the Eighth Amendment of the United States
Constitution.  Puga v. State, 916
S.W.2d 547, 550 (Tex. App.CSan
Antonio 1996, no pet.).  We overrule
issue one.  

Whitehead urges in issue two that the evidence is
factually insufficient to support the finding that he did not have a reasonable
excuse for his failure to appear in accordance with the terms of his release.  To determine if the evidence is factually
sufficient, the appellate court reviews all of the evidence in a neutral
light.  Watson v. State, 2006 WL
2956272, at *8 (Tex. Crim. App. Oct. 18, 2006) (overruling in part Zuniga v.
State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23
S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404,
407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, the
reviewing court determines whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson, 2006 WL
2956272, at *8;  Johnson, 23
S.W.3d at 10-11.








It is undisputed that Whitehead failed to appear
and that his father was dying of cancer. 
In fact, the reason that Whitehead had been out on bond was because the
court delayed his sentence so that he could spend some time with his father who
was dying.  Brenda Sue Robinson,
Whitehead=s sister,
testified that at the time Whitehead was spending this time with his parents he
was very upset, distraught, and sad.  She
said that he knew his father was dying, that he probably would never see his
father alive again, and that his father knew that.  She said he also knew that his mother was
going blind.  She acknowledged that her
brother never told her that he was not going to go back to court at the time he
was due to go back but told her that he knew he had to go back.  She testified that Whitehead told his mother
that he did not turn himself in because he had to come home so that he could
hug his father one last time.  She
acknowledged that by not showing up in court her brother had put her parents Athrough pure hell.@ 
She indicated that he never expressed any fear that she, a registered
nurse, would not take care of their parents. 
Robinson=s
testimony established that Whitehead=s
father was seriously ill at the time the offense for which Whitehead had been
convicted was committed, at the time he entered his plea to the offense, and at
the time he was released on bail so that he could spend time with his father.

Robert Rains, chief deputy of the Eastland County
Sheriff=s Office,
testified that he picked up Whitehead the day after he had been scheduled to
appear after Whitehead called and requested that he do so.  While Deputy Rains did not recall telling
Whitehead that he did not do anything that anyone else would not have done
under the same circumstance, he indicated that, if he had made a statement like
that, he would probably have told him that Ahe
didn=t do
anything that nobody didn=t
expect him to do.@

We find that the evidence is not so weak that the
verdict is clearly wrong and manifestly unjust and that the verdict is not
against the great weight and preponderance of the evidence.  Consequently, the evidence is factually
sufficient to support Whitehead=s
conviction.   If the jury determined that
Whitehead failed to appear because he was distraught over the failing health of
his father or because he wanted to hug his father one last time, it could have
reasonably determined that, since his father=s
health condition was known at the time of his release and was in fact the
reason for the release, Whitehead=s
excuse did not constitute a reasonable excuse for failing to appear at the
appropriate time when the release period was over.  We overrule issue two.  

The judgment is affirmed.  

 

PER CURIAM

December 14, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J., 

McCall,
J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.