In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00154-CR


 ____________________



JASON CHILDRESS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 08-03781 






MEMORANDUM OPINION



 Pursuant to a plea bargain, Jason Childress pled no contest to aggravated assault. The
trial court deferred adjudication of guilt and placed Childress on community supervision for
three years. The State filed a motion to revoke. After finding two of the alleged violations
to be true, the trial court revoked the unadjudicated community supervision, found Childress
guilty, and sentenced him to twenty years in prison. Childress raises four issues on appeal. 

 In issue one, Childress argues the evidence is insufficient to revoke his unadjudicated
community supervision. The trial court found the following alleged violations to be true:
failing to report to the probation department and failing "to successfully complete the
program of Specialized Mental Health Caseload[.]" We review an order revoking
community supervision under an abuse of discretion standard. Rickels v. State, 202 S.W.3d
759, 763 (Tex. Crim. App. 2006). In a revocation hearing, the State's burden of proof is by
a preponderance of the evidence. Id. at 763-64. The State meets that burden when the
greater weight of the credible evidence creates a reasonable belief that the defendant violated
a condition of his community supervision. Id. at 764. Proof of a single violation is sufficient
to support a revocation order. Marcum v. State, 983 S.W.2d 762, 766-67 (Tex. App.--Houston [14th Dist.] 1998, pet. ref'd). 

 Childress argues that he was never actually identified in court as the Jason Childress
on community supervision in cause number 3781. During the revocation hearing, the
following exchange occurred: 


 The Court: This is Cause No. 3781 on Jason Childress. Are you Mr.
Childress?


 [Childress]: Yes.

 . . . . 


 [J. Rabbit]: I'm the mental health case load community supervision officer.


 [Prosecutor]: As part of your work, is Jason Childress on your caseload?


 [J. Rabbit]: Yes, he is.


 [Prosecutor]: Is this Jason Childress here right in front of me?

 

 [J. Rabbit]: Yes. 


 [Prosecutor]: Your Honor, please let the record reflect she has identified the
defendant, Jason Childress.


 The Court: The record will so reflect.


The record establishes that appellant was identified.

 Childress also argues the evidence is insufficient to show he understood he was
required to report to his supervising officer. Nothing in the record below indicates Childress
was unable to understand the reporting requirements set out in the deferred adjudication
order. A letter from Dr. Edward Gripon, who completed a psychiatric evaluation of
Childress prior to the revocation hearing, stated that Childress has a "[s]chizo-[a]ffective
[d]isorder," but is competent to stand trial. "He has a rational as well as factual
understanding of his current legal difficulty and he possesses sufficient ability to
communicate with his attorney with a reasonable degree of rational understanding." 

 Jenny Rabbit testified that Childress did not report to the probation department, as
required by the deferred adjudication order, and he did not successfully complete the 
specialized mental health program. She acknowledged that Childress was in a mental
hospital most of the time, and Childress had been on several medications. The record also
reveals, however, that Childress was released from the hospital, but he did not report to the
department or give his location. There is sufficient evidence that Childress violated his
community supervision. The trial court did not abuse its discretion in revoking the
community supervision. We overrule issue one.

 Issues two and three concern punishment. In issue two, Childress contends that "in
light of the complainant's desires and appellant's mental deficiency[,]" the trial court abused
its discretion by sentencing appellant to the maximum sentence (twenty years) for aggravated
assault. As Childress points out, the prosecutor informed the trial court at the plea hearing
that the complainant did not want Childress to go to jail. In issue three, Childress argues that
the sentence is excessive, cruel, unusual, and disproportionate to the crime. The nature of
the crime is revealed in the indictment, which states that Childress "intentionally and
knowingly threaten[ed] imminent bodily injury to [the complainant] with the use of a deadly
weapon, namely, a knife . . . ." 

 Childress relies on the following: the Eighth Amendment to the United States
Constitution; article I, subsection 13 of the Texas Constitution; and article 1.09 of the Code
of Criminal Procedure. (1) The Eighth Amendment provides that "[e]xcessive bail shall not be
required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S.
Const. amend. VIII. "Subject only to a very limited, 'exceedingly rare,' and somewhat
amorphous Eighth Amendment gross-disproportionality review, a punishment that falls
within the legislatively prescribed range, and that is based upon the sentencer's informed
normative judgment, is unassailable on appeal." Ex parte Chavez, 213 S.W.3d 320, 323-24
(Tex. Crim. App. 2006) (footnote omitted). Although Childress's punishment was the
maximum allowed for a second degree felony, the sentence was within the statutory range
for aggravated assault. See Tex. Pen. Code Ann. § 12.33 (Vernon Supp. 2009); Tex. Pen.
Code Ann. § 22.02(a)(2),(b) (Vernon Supp. 2009). Further, a complaint that a sentence is
grossly disproportionate, constituting cruel and unusual punishment, must be preserved for
appellate review by a timely request, objection, or motion stating the specific grounds for the
ruling desired. Kim v. State, 283 S.W.3d 473, 475 (Tex. App.--Fort Worth 2009, pet. ref'd)
(citing Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)); see Tex. R. App. P.
33.1(a). Childress did not raise this complaint below. 

 Even if we assume Childress preserved his complaint, the sentence is not cruel,
unusual, or excessive. Childress cites various cases in which the trial court sentenced a
defendant to a lesser punishment for aggravated assault. Those include sentences of twelve
years, ten years, seven years (probated), five years, and two years. Childress argues, as
illustrated by these sentences, that his sentence is disproportionate to the crime, and there are
mitigating factors the trial court should have considered. Article 37.07, section 3(a)(1) of the
Code of Criminal Procedure provides:

 Regardless of the plea and whether the punishment be assessed by the judge
or the jury, evidence may be offered by the state and the defendant as to any
matter the court deems relevant to sentencing, including but not limited to the
prior criminal record of the defendant, his general reputation, his character, an
opinion regarding his character, the circumstances of the offense for which he
is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of
Evidence, any other evidence of an extraneous crime or bad act that is shown
beyond a reasonable doubt by evidence to have been committed by the
defendant or for which he could be held criminally responsible, regardless of
whether he has previously been charged with or finally convicted of the crime
or act. . . .


Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2009); see generally
Ellison v. State, 201 S.W.3d 714, 718 (Tex. Crim. App. 2006) (Holding that a probation
officer could testify at punishment as to the defendant's suitability for probation, the Court
stated, "[W]e acknowledge that, by amending Article 37.07, Section 3(a) to include evidence
of 'any matter the court deems relevant to sentencing,' the Legislature thereby allowed a jury
to consider a wide range of evidence in determining whether to recommend probation."). 
"Relevancy in the punishment phase is 'a question of what is helpful to the [factfinder] in
determining the appropriate sentence for a particular defendant in a particular case.'" 
Ellison, 201 S.W.3d at 719 (quoting Rogers v. State, 991 S.W.2d 263, 265 (Tex. Crim. App.
1999)). The trial court's broad discretion is not unfettered. Id. at 722. The trial court must
operate within the bounds of Texas Rules of Evidence 401, 402, and 403. Id. 

 The record reveals that the trial court considered the matters appellant raises,
specifically Childress's mental condition, his apparent suicide attempts, the facts in the
aggravated assault offense, and the complainant's wishes of no incarceration for Childress. 
The sentence is within the range permitted by statute. The trial court did not abuse its
discretion in assessing the twenty-year sentence. We overrule issues two and three. 

 In issue four, Childress argues trial counsel was ineffective in failing to object to the
sentence assessed and in failing to file a motion for new trial or for reconsideration of the
sentence. The trial court did not abuse its discretion in sentencing Childress to twenty years;
trial counsel was not ineffective in failing to object or raise the issue in a motion for new
trial. We overrule issue four. 

 We affirm the judgment. 

 AFFIRMED.

 ___________________________

 DAVID GAULTNEY

 Justice


Submitted on February 9, 2010

Opinion Delivered February 17, 2010

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. Childress does not argue that the cruel and unusual provisions of the state constitution
or the statute are broader and offer greater protection than the Eighth Amendment. Baldridge
v. State, 77 S.W.3d 890, 894 (Tex. App.--Houston [14th Dist.] 2002, pet. ref'd) ("Neither by
argument nor authority has appellant established that the provisions of the Texas Constitution
offer broader or greater protection than the Eighth Amendment of the United States
Constitution[;] [a]ccordingly, nothing is presented for review."); Puga v. State, 916 S.W.2d
547, 550 (Tex. App.--San Antonio 1996, no pet.).