NO. 07-10-00301-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 16, 2011

RODERICK GLENN WILLIAMS
A/K/A RODERICK GLEN WILLIAMS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY;

NO. 1159483D; HONORABLE DAVID SCOTT WISCH, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Roderick Glenn Williams a/k/a Roderick Glen Williams appeals from his open plea of guilty to the offense of possession with intent to deliver a controlled substance and the resulting sentence of 30 years of imprisonment.  Through two issues, appellant argues the sentence imposed is cruel and unusual punishment in violation of the federal and Texas constitutions.  We will affirm.

## Background

Appellant was indicted for possession with intent to deliver a controlled substance, namely cocaine, in an amount of four grams or more but less than 200 grams.[1] The indictment also included an enhancement paragraph, setting forth appellant's previous final felony conviction for possession with intent to deliver cocaine.

At trial, the State presented evidence to show that on May 20, 2009, Fort Worth Police officers executed a narcotics search warrant at a residence where appellant was allegedly selling drugs. According to police testimony, appellant ran to the backyard and discarded a plastic baggie containing 30.11 grams of cocaine. Appellant admitted his guilt and stated his motive for having the contraband was "financial." He gave a written statement providing:

> I have had a history of selling drugs. When I lost my job in February, my oldest brother had a house where he was selling drugs out of. So he said I could go over there on occasion and make some money until I found me some work. So I took him up on the offer. And one day the house was busted and I'm here awaiting sentencing.

Appellant entered an open plea of guilty to the offense and plead "true" to the enhancement. On June 4, 2010, a sentencing hearing was held after which appellant was sentenced to 30 years of imprisonment. This appeal followed.

## Analysis

In appellant's two issues on appeal, he contends the sentence imposed against him violated his constitutional rights to be free from cruel and unusual and

---

[1] Tex. Health & Safety Code Ann. § 481.112(d) (West 2009).

disproportionate punishment because his 30-year sentence was severe and inappropriate given the circumstances. U.S. Const. amend. VIII, XIV; Tex. Const. art. I, § 13.

The State first notes appellant did not preserve his appellate issues for our review. It also contends the sentence assessed was appropriate. We agree with the State the issues were not preserved.

Constitutional rights, including the right to be free from cruel and unusual punishment, can be forfeited by a failure to raise a complaint on specific constitutional grounds in the trial court. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding that complaint of violation of constitutional right to be free from cruel and unusual punishment was forfeited when no objection on this basis was made to trial court). Therefore, an appellant is required to make a timely objection to the trial court to preserve his complaint that his sentence was unconstitutionally excessive. *See* Tex. R. App. P. 33.1(a) (requiring timely objection, request, or motion to preserve error); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.--Fort Worth 2009, pet. ref'd) (appellant waived argument that 7-year sentence for burglary of habitation was cruel and unusual punishment because appellant failed to raise issue to trial court); *Benson v. State*, 224 S.W.3d 485, 498 (Tex. App.--Houston [1st Dist.] 2007, no pet.) (appellant waived argument that 12-year sentence for aggravated assault with a deadly weapon was cruel and unusual punishment because appellant failed to raise issue to trial court).

Here, the record indicates appellant did not object to the sentence imposed against him at any time and did not file a motion for new trial raising the issue.

3

Therefore, he forfeited his appellate issues. *Mendoza v. State,* No. 07-10-00015-CR, 2010 Tex.App. 7827 (Tex.App.—Amarillo Sept. 23, 2010, pet. ref'd) (mem. op., not designated for publication).

Moreover, even had they been preserved, we could not have sustained appellant's issues. Appellant's offense, possession with intent to deliver more than 30 grams of cocaine, is a first degree felony. Tex. Health & Safety Code Ann. § 481.112(d) (West 2009); Tex. Penal Code Ann. § 12.32 (West 2009). It is punishable by imprisonment for life or for any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000. But because appellant had a prior conviction for a first degree felony, the minimum sentence in this case was 15 years. Tex. Penal Code Ann. § 12.42(c)(1) (West 2009). His 30-year sentence was thus toward the lower end of the range of punishment. Nothing in this record demonstrates this case is one of the exceedingly rare cases of a grossly disproportionate punishment. *See Lockyer v. Andrade*, 538 U.S. 63, 73, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003) (stating standard for grossly disproportionate punishment); *Rummel v. Estelle,* 445 U.S.263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (upholding mandatory life sentence for non-violent offense under former habitual offender statute); *Roberts v. State,* No. 02-09-440-CR, 2010 Tex.App. LEXIS 5408 (Tex.App.—Fort Worth July 8, 2010, no pet.) (mem. op., not designated for publication) (finding sentence within statutory range not disproportionate). Nor does it violate the prohibition in our state constitution of cruel and unusual punishments. *See Hernandez v. State,* No. 04-03-00453-CR, 2004 Tex.App. LEXIS 5234 (Tex.App.—San Antonio June 16, 2004, no pet.) (mem. op., not designated

4

for publication) (citing *Puga v. State*, 916 S.W.2d 547, 550 (Tex.App.—San Antonio 1996, no pet.).

We overrule appellant's issues and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.