NO. 07-10-00301-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
16, 2011

 



 

RODERICK GLENN WILLIAMS

A/K/A RODERICK GLEN WILLIAMS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 372ND DISTRICT COURT OF TARRANT
COUNTY;

 

NO. 1159483D; HONORABLE DAVID SCOTT WISCH, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

 

            Appellant Roderick Glenn Williams a/k/a Roderick Glen Williams appeals from his open
plea of guilty to the offense of possession with intent to deliver a controlled
substance and the resulting sentence of 30 years of imprisonment.  Through two issues, appellant argues the
sentence imposed is cruel and unusual punishment in violation of the federal
and Texas constitutions.  We will affirm.

 

 

Background

Appellant was indicted for possession with intent to deliver
a controlled substance, namely cocaine, in an amount of four grams or more but less
than 200 grams.[1]  The indictment also included an enhancement
paragraph, setting forth appellant’s previous final felony conviction for
possession with intent to deliver cocaine.

At trial, the
State presented evidence to show that on May 20, 2009, Fort Worth Police
officers executed a narcotics search warrant at a residence where appellant was
allegedly selling drugs.  According to
police testimony, appellant ran to the backyard and discarded a plastic baggie
containing 30.11 grams of cocaine. 
Appellant admitted his guilt and stated his motive for having the
contraband was “financial.”  He gave a
written statement providing:

I have had a history of selling drugs.  When I lost my job in February, my oldest
brother had a house where he was selling drugs out of.  So he said I could go over there on occasion
and make some money until I found me some work. 
So I took him up on the offer. 
And one day the house was busted and I’m here awaiting sentencing.

 

Appellant entered an open plea of guilty to the offense and
plead “true” to the enhancement.  On June
4, 2010, a sentencing hearing was held after which appellant was sentenced to
30 years of imprisonment.  This appeal
followed.

Analysis

In appellant’s two issues on appeal, he contends the sentence
imposed against him violated his constitutional rights to be free from cruel
and unusual and disproportionate punishment because his 30-year sentence was
severe and inappropriate given the circumstances.  U.S. Const. amend. VIII, XIV; Tex. Const. art. I, § 13.  

The State
first notes appellant did not preserve his appellate issues for our
review.  It also contends the sentence
assessed was appropriate.  We agree with
the State the issues were not preserved.

Constitutional rights, including the right to be free from cruel and unusual
punishment, can be forfeited by a failure to raise a complaint on specific constitutional
grounds in the trial court. See Rhoades v. State, 934 S.W.2d 113, 120
(Tex. Crim. App. 1996) (holding that complaint of violation of constitutional
right to be free from cruel and unusual punishment was forfeited when no
objection on this basis was made to trial court).  Therefore, an appellant is required to make a
timely objection to the trial court to preserve his complaint that his sentence
was unconstitutionally excessive.  See Tex. R. App. P. 33.1(a) (requiring
timely objection, request, or motion to preserve error); Kim v. State, 283 S.W.3d 473, 475
(Tex. App.--Fort Worth 2009, pet. ref'd) (appellant waived
argument that 7-year sentence for burglary of habitation was cruel and unusual punishment because appellant failed to
raise issue to trial court); Benson v. State, 224 S.W.3d 485, 498
(Tex. App.--Houston [1st Dist.] 2007, no pet.) (appellant
waived argument that 12-year sentence for aggravated assault with a deadly
weapon was cruel and unusual punishment because appellant failed to
raise issue to trial court).

Here,
the record indicates appellant did not object to the sentence imposed against
him at any time and did not file a motion for new trial raising the issue.  Therefore, he forfeited his appellate issues.  Mendoza v. State, No. 07-10-00015-CR, 2010 Tex.App.
7827 (Tex.App.—Amarillo Sept. 23,
2010, pet. ref’d) (mem.
op., not designated for publication).

Moreover,
even had they been preserved, we could not have sustained appellant’s
issues.  Appellant’s offense, possession
with intent to deliver more than 30 grams of cocaine, is a first degree
felony.  Tex. Health
& Safety Code Ann. § 481.112(d) (West 2009);
Tex. Penal Code Ann. § 12.32 (West 2009). 
It is punishable by imprisonment for life or for any term of not more
than 99 years or less than 5 years and a fine not to exceed $10,000.  But because appellant had a prior conviction
for a first degree felony, the minimum sentence in this case was 15 years.  Tex. Penal Code Ann. § 12.42(c)(1) (West 2009).  His
30-year sentence was thus toward the lower end of the range of punishment.  Nothing in this record demonstrates this case
is one of the exceedingly rare cases of a grossly disproportionate
punishment.  See Lockyer v. Andrade, 538 U.S. 63, 73, 123 S.
Ct. 1166, 155 L. Ed. 2d 144 (2003) (stating standard for grossly disproportionate
punishment); Rummel v. Estelle,
445 U.S.263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980)
(upholding mandatory life sentence for non-violent offense under former
habitual offender statute); Roberts v.
State, No. 02-09-440-CR, 2010 Tex.App. LEXIS 5408 (Tex.App.—Fort Worth July 8,
2010, no pet.) (mem. op., not designated for
publication) (finding sentence within statutory range
not disproportionate).  Nor does it
violate the prohibition in our state constitution of cruel and unusual
punishments.  See Hernandez v. State, No. 04-03-00453-CR, 2004 Tex.App. LEXIS 5234 (Tex.App.—San
Antonio June 16, 2004, no pet.) (mem. op., not
designated for publication) (citing Puga v. State, 916 S.W.2d 547, 550 (Tex.App.—San Antonio 1996, 
no pet.).  

We
overrule appellant’s issues and affirm the judgment of the trial court.  

 

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

Do not publish.

 











[1] Tex. Health &
Safety Code Ann. § 481.112(d) (West 2009).