NO. 07-10-00404-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 16, 2011

BRIAN ANDRE LATIMER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY;

NO. 1103964D; HONORABLE EVERETT YOUNG, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Brian Andre Latimer appeals from his jury conviction of the offense of aggravated robbery and the resulting sentence of thirty-five years of imprisonment. Through one issue, appellant challenges his sentence, arguing its imposition violated the constitutional prohibition of a grossly disproportionate sentence. We will affirm.

Background

At appellant's trial, evidence was presented to show he was one of two men who robbed the manager of a convenience store in Arlington, Tarrant County, in March

2008.  The manager testified two men approached him as he was locking the store after midnight.  One of the men, later identified as appellant, pointed a handgun at the manager and asked him for money.  They took the $60 cash the manager had in his pocket and his wallet containing $10 and his credit cards.  The 9mm handgun used in the offense was admitted as evidence at trial.  The jury found appellant guilty of aggravated robbery, aggravated because of appellant's use or exhibition of a deadly weapon.

Prior to trial, appellant filed an application for a probated sentence and noted he was eligible for probation.  Through several witnesses, the jury heard about appellant's history and his ability to successfully complete probation.  At the conclusion of the presentation of evidence, the jury sentenced appellant to thirty-five years of imprisonment.  This appeal followed.

Analysis

In appellant's sole issue on appeal, he contends the sentence imposed against him violated his constitutional right to be free from cruel and unusual and disproportionate punishment because his punishment was extremely severe compared to the gravity of the offense; to sentences imposed in similar cases in Tarrant County; and to sentences imposed for the same type of offense in other jurisdictions.  U.S. Const. amend. VIII; Tex. Const. art. I, § 13.  Appellant argues the sentence imposed against him was disproportionate to the crime committed because very little money was taken and no one was injured.

We review a sentence imposed by a trial court for an abuse of discretion. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App. 1994). The Eighth Amendment to the United States Constitution provides: "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amends. VIII, XIV. The Eighth Amendment does not require strict proportionality between the crime and the sentence; rather, it forbids extreme sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 23, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003). The precise contours of the "grossly disproportionate" standard are unclear, but it applies in only "exceedingly rare" and "extreme" cases. *Lockyer v. Andrade*, 538 U.S. 63, 73, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Id*. at 77. In conducting an Eighth Amendment proportionality analysis, we first make a threshold comparison of the offense against the severity of the sentence to determine if the sentence is grossly disproportionate to the offense. *See Ewing,* 538 U.S. at 30; *Harmelin v. Michigan*, 501 U.S. 957, 1005, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring in part and concurring in the judgment). Only if we determine that the threshold comparison "leads to an inference of gross disproportionality," *Harmelin*, 501 U.S. at 1005 (Kennedy, J., concurring in part and concurring in the judgment), would we compare the sentence received to sentences for similar crimes in this jurisdiction and sentences for the same crime in other jurisdictions.

The Texas Constitution likewise prohibits "cruel or unusual punishment." Tex. Const. art. I, § 13. "It has long been recognized that if the punishment assessed is within the range of punishment established by the legislature under its constitutional

authority, there is no violation of the state constitutional provisions against cruel and unusual punishment." *Puga v. State*, 916 S.W.2d 547, 550 (Tex. App.--San Antonio 1996, no pet.).

Aggravated robbery is a first degree felony. Tex. Penal Code Ann. § 29.03(b) (West 2003); Tex. Penal Code Ann. § 12.32 (West 2009). Our state's law provides an individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000. In this case, appellant's sentence of thirty-five years and no fine is within the range of punishment established by the legislature and is not excessive unless it fails the proportionality analysis. *Harmelin,* 501 U.S. at 1005 (Kennedy, J., concurring in part and concurring in the judgment), *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.--Fort Worth 2001, pet. ref'd).

Aggravated robbery with a deadly weapon is a serious offense. Evidence showed appellant owned the handgun and joked with his friends that he was going to rob someone. Appellant planned the robbery for which he was convicted and took the gun with him and pointed it at the store manager. Police found the pistol fully loaded, with a box containing additional rounds. Appellant confessed to the robbery. During the punishment phase, the jury heard appellant was a member of a street gang. The jury also heard evidence he had burglarized two cars, one of which was a patrol car, stolen a police laptop from the patrol car, and evaded police. They heard evidence of another occasion on which appellant broke into the home of a woman who was home alone with

4

her baby. For this current offense, appellant received a sentence of about one-third the maximum statutory punishment.

Comparing the seriousness of appellant's offense (first degree felony) with the severity of his sentence (one-third the maximum), and considering the evidence of his other criminal offenses, we find his sentence was not grossly disproportionate to the offense. *See Harmelin,* 501 U.S. at 957 (Supreme Court upheld a mandatory sentence of life without the possibility of parole for a first-time offender for the offense of possession of more than 650 grams of cocaine); *Rummel v. Estelle,* 445 U.S.263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (Supreme Court upheld mandatory life sentence under former habitual offender statute in case where defendant had two prior felony convictions for fraudulent use of a credit card for $80 and passing a forged check for $28.36 and was later convicted of a third felony, obtaining $120.75 under false pretenses). *See also Roberts v. State,* No. 02-09-440-CR, 2010 Tex.App. LEXIS 5408 (Tex.App.—Fort Worth July 8, 2010, no pet.) (mem. op., not designated for publication); *Hernandez v. State,* No. 04-03-00453-CR, 2004 Tex.App. LEXIS 5234 (Tex.App.—San Antonio June 16, 2004, no pet.) (mem. op., not designated for publication) (both finding sentences within statutory range not disproportionate). Because the threshold analysis does not suggest grossly disproportionate punishment, we need not engage in a comparison of appellant's sentence to other sentences for the same offense.[1] *Jackson v. State,* 989 S.W.2d 842, 845-46 (Tex.App.—Texarkana 1999, no pet.).

---

[1] Such an analysis, considering the cases appellant cites, would not lead to a different outcome. Appellant's brief cites several Texas opinions reciting punishments for aggravated robbery ranging from 9 years to 25 years. However, appellant's gang

Consequently, there also is no violation of the Texas constitutional provision against cruel and unusual punishment. *Gonzales v. State,* 386 S.W.2d 139, 140 (Tex.Crim.App. 1965); *Puga,* 916 S.W.2d at 550.

Finding this case does not present an extreme or extraordinary sentence grossly disproportionate to the offense, we see no abuse of discretion by the trial court in its sentencing of appellant. We resolve appellant's sole issue against him and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

affiliation and significant criminal history provide sufficient distinctions between this case and those.