NO. 07-10-00404-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
16, 2011

 



 

BRIAN ANDRE LATIMER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 297TH DISTRICT COURT OF TARRANT
COUNTY;

 

NO. 1103964D; HONORABLE EVERETT YOUNG, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant
Brian Andre Latimer appeals from his jury conviction of the offense of
aggravated robbery and the resulting sentence of thirty-five years of
imprisonment.  Through one issue,
appellant challenges his sentence, arguing its imposition violated the
constitutional prohibition of a grossly disproportionate sentence.  We will affirm.

 

Background

            At appellant’s trial, evidence was
presented to show he was one of two men who robbed the manager of a convenience
store in Arlington, Tarrant County, in March 2008.  The manager testified two men approached him
as he was locking the store after midnight. 
One of the men, later identified as appellant, pointed a handgun at the
manager and asked him for money.  They
took the $60 cash the manager had in his pocket and his wallet containing $10
and his credit cards.  The 9mm handgun used
in the offense was admitted as evidence at trial.  The jury found appellant guilty of aggravated
robbery, aggravated because of appellant’s use or exhibition of a deadly
weapon. 

            Prior
to trial, appellant filed an application for a probated sentence and noted he
was eligible for probation.  Through
several witnesses, the jury heard about appellant’s history and his ability to
successfully complete probation.  At the
conclusion of the presentation of evidence, the jury sentenced appellant to
thirty-five years of imprisonment.  This
appeal followed.

 

Analysis

            In
appellant’s sole issue on appeal, he contends the sentence imposed against him
violated his constitutional right to be free from cruel and unusual and
disproportionate punishment because his punishment was extremely severe
compared to the gravity of the offense; to sentences imposed in similar cases
in Tarrant County; and to sentences imposed for the same type of offense in
other jurisdictions.  U.S. Const. amend. VIII; Tex. Const. art. I, § 13.  Appellant
argues the sentence imposed against him was disproportionate to the crime
committed because very little money was taken and no one was injured.  

We review a sentence imposed by a trial court for
an abuse of discretion.  Jackson v. State, 680
S.W.2d 809, 814 (Tex.Crim.App. 1994).  The Eighth Amendment to the
United States Constitution provides: "[e]xcessive bail
shall not be required, nor excessive fines imposed, nor
cruel and unusual punishment inflicted." U.S. Const. amends. VIII, XIV. The Eighth Amendment does not require strict
proportionality between the crime and the sentence; rather, it forbids  extreme sentences
that are "grossly disproportionate" to the crime. Ewing
v. California, 538 U.S. 11, 23, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003). The precise contours of
the "grossly disproportionate" standard are
unclear, but it applies in only "exceedingly rare" and
"extreme" cases. Lockyer v. Andrade, 538 U.S. 63, 73, 123 S.
Ct. 1166, 155 L. Ed. 2d 144 (2003). “The gross disproportionality principle reserves a constitutional
violation for only the extraordinary case.” 
Id. at 77.  In conducting an Eighth Amendment
proportionality analysis, we first make a threshold comparison of the offense
against the severity of the sentence to determine if the sentence
is grossly
disproportionate to the offense. See Ewing, 538 U.S. at 30; Harmelin
v. Michigan, 501 U.S. 957, 1005, 111 S.Ct. 2680,
115 L.Ed.2d 836 (1991) (Kennedy, J., concurring in part and concurring in the
judgment).  Only if we determine
that the threshold comparison “leads to an inference of gross disproportionality,” Harmelin, 501 U.S. at 1005 (Kennedy, J., concurring
in part and concurring in the judgment), would we compare the sentence
received to sentences for similar crimes in this jurisdiction and sentences for the same crime in other
jurisdictions. 

The
Texas Constitution likewise prohibits "cruel or unusual punishment." Tex. Const.
art. I, § 13. "It has long been recognized that if
the punishment assessed is within the range of punishment established by the legislature
under its constitutional authority, there is no violation of the state
constitutional provisions against cruel and unusual punishment." Puga v. State, 916 S.W.2d 547, 550
(Tex. App.--San Antonio 1996, no pet.).

            Aggravated robbery is a first degree felony.  Tex. Penal Code Ann. § 29.03(b) (West 2003); Tex. Penal Code Ann. § 12.32 (West
2009).   Our state’s law provides an individual
adjudged guilty of a felony of the first degree shall be punished by
imprisonment in the Texas Department of Criminal Justice for life or for any
term of not more than 99 years or less than 5 years and a fine not to exceed
$10,000.  In this case, appellant’s
sentence of thirty-five years and no fine is within the range of punishment
established by the legislature and is not excessive unless it fails the
proportionality analysis. Harmelin, 501 U.S. at 1005 (Kennedy, J., concurring in part and concurring in the
judgment), Moore v. State, 54 S.W.3d 529, 542
(Tex. App.--Fort Worth 2001, pet. ref'd).

            Aggravated
robbery with a deadly weapon is a serious offense.  Evidence showed appellant owned the handgun
and joked with his friends that he was going to rob someone.  Appellant planned the robbery for which he
was convicted and took the gun with him and pointed it at the store manager.
Police found the pistol fully loaded, with a box containing additional rounds.
Appellant confessed to the robbery. 
During the punishment phase, the jury heard appellant was a member of a
street gang. The jury also heard evidence he had burglarized two cars, one of
which was a patrol car, stolen a police laptop from the patrol car, and evaded
police. They heard evidence of another occasion on which appellant broke into
the home of a woman who was home alone with her baby. For this current offense,
appellant received a sentence of about one-third the maximum statutory
punishment. 

Comparing the
seriousness of appellant’s offense (first degree felony) with the severity of
his sentence (one-third the maximum), and considering the evidence of his other
criminal offenses, we find his sentence was not grossly disproportionate to the
offense.  See Harmelin, 501 U.S. at 957 (Supreme Court upheld
a mandatory sentence of life without the possibility of parole for a first-time
offender for the offense of possession of more than 650 grams of cocaine); Rummel v. Estelle, 445 U.S.263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (Supreme Court upheld
mandatory life sentence under former habitual offender statute in case where
defendant had two prior felony convictions for fraudulent use of a credit card
for $80 and passing a forged check for $28.36 and was later convicted of a
third felony, obtaining $120.75 under false pretenses).  See
also Roberts v. State, No. 02-09-440-CR, 2010 Tex.App.
LEXIS 5408 (Tex.App.—Fort Worth
July 8, 2010, no pet.) (mem. op., not
designated for publication); Hernandez v.
State, No. 04-03-00453-CR, 2004 Tex.App. LEXIS 5234 (Tex.App.—San Antonio June 16,
2004, no pet.) (mem. op., not designated for
publication) (both finding sentences within statutory
range not disproportionate).  Because the
threshold analysis does not suggest grossly disproportionate punishment, we
need not engage in a comparison of appellant’s sentence to other sentences for
the same offense.[1] Jackson v. State, 989 S.W.2d 842, 845-46 (Tex.App.—Texarkana
1999, no pet.).

 

Consequently, there also is no violation of the Texas
constitutional provision against cruel and unusual punishment.  Gonzales v. State, 386 S.W.2d 139, 140 (Tex.Crim.App.
1965); Puga, 916 S.W.2d at 550. 

            Finding
this case does not present an extreme or extraordinary sentence grossly
disproportionate to the offense, we see no abuse of discretion by the trial
court in its sentencing of appellant.  We
resolve appellant’s sole issue against him and affirm the judgment of the trial
court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

Do
not publish.

 

 











[1] Such an analysis, considering the
cases appellant cites, would not lead to a different outcome.  Appellant’s brief cites several Texas
opinions reciting punishments for aggravated robbery ranging from 9 years to 25
years.  However, appellant’s gang affiliation
and significant criminal history provide sufficient distinctions between this
case and those.