Opinion issued April
29, 2010.

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

            

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 

 


 
 

 
 



NO.
01-09-00376-CR

NO.
01-09-00377-CR

NO.
01-09-00378-CR

 









 
 

 
 

 



JORGE ALBERTO ZELAYA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 
 

 
 
 



On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause Nos. 1132278, 1132279, 1132280

 


 
 

 
 
 



MEMORANDUM OPINION

          Appellant,
Jorge Alberto Zelaya, appeals from a judgment assessing his punishment at three
life sentences to run concurrently for aggravated sexual assault of a child, Tex. Penal Code Ann. § 22.021 (Vernon
Supp. 2008); aggravated robbery, Tex.
Penal Code Ann. § 22.021 (Vernon Supp. 2008); and burglary of a
habitation with intent to commit aggravated sexual assault of a child, Tex. Penal Code Ann. § 30.02 (Vernon
2003).  Appellant pleaded guilty to all
three counts, and punishment was assessed by the court.  In two related issues on appeal, appellant
contends that the court’s assessment of “three life sentences violates the
Eighth Amendment of the United States Constitution and Article I, section 13 of
the Texas Constitution because they are disproportionate to the crimes
committed by appellant.”  We affirm.

BACKGROUND

          Appellant
pleaded guilty to aggravated sexual assault of a child, aggravated robbery, and
burglary of a habitation with intent to commit aggravated sexual assault of a
child.  Appellant admitted to having
broken into sixteen-year-old E.G.’s house and sexually assaulting her at
knifepoint on September 6, 2007.  During
the commission of this offense, appellant caused bodily injury to another child
younger than fifteen years of age by grabbing the child’s neck and throwing him
to the ground.

          At
the punishment hearing, P.H., who had also been sexually assaulted by
appellant, testified that when she arrived home from school on August 29, 2007,
she found appellant burglarizing her house. 
Appellant demanded money from her. 
When P.H. told appellant that she did not have any money, appellant told
her that she was “going to have to pay him with something else.”  Appellant subsequently tore off P.H’s clothes,
tied her to the bed, and sexually assaulted her.  P.H. managed to untie herself and locked herself
in her sister’s room, but appellant knocked down the door.

          When
P.H. was taken to the hospital, she was treated for a tear on her vagina along
with bruises and swelling.  P.H. also
suffered linear bleeding.  The Houston
Police Department Crime Lab identified appellant as the source of the semen
that was found in P.H.’s vagina.

The trial court assessed punishment
at life imprisonment on each of the three offenses.  Upon sentencing, appellant told the trial
court, “I think it’s too much time.” Appellant’s counsel did not object.

PRESERVATION OF ERROR

          Appellant
contends that “the dialogue he had with the trial court immediately upon
hearing the judge assess three life sentences preserved for appellate review
the constitutionality of the life sentences.” 

          In
this case, appellant was charged with and pleaded guilty to aggravated sexual
assault of a child, aggravated robbery, and burglary of a habitation with
intent to commit aggravated sexual assault of a child.  Tex. Penal
Code Ann. §§
22.021, 29.03, 30.02.  The punishment for
a first-degree felony is confinement for life or any term of not more than
ninety-nine years or less than five years. 
Id. §12.32 (Vernon 2003).  As noted above, the court assessed punishment
at life in prison for all three first-degree felonies.  Thus, appellant received a punishment within
the applicable statutory range.   

The Eighth Amendment of the United
States Constitution requires that a criminal sentence be proportionate to the
crime for which a defendant has been convicted.  Solem v. Helm,
463 U.S. 277, 290, 103 S. Ct. 3001, 3009 (1983); see also Baldridge v. State, 77
S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d) (stating that Eighth Amendment has
narrow proportionality principle).  However, to preserve for appellate review a
complaint that a sentence is grossly disproportionate, constituting cruel and
unusual punishment, a defendant must present to the trial court a timely
request, objection, or motion stating the specific grounds for the ruling
desired. Tex. R. App. P. 33.1(a); Rhoades v. State,
934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (noting that defendant waived any error because he
presented argument for first time on appeal); Wynn v. State,
219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that defendant’s failure to
object to life sentence as cruel and unusual punishment waived error); Solis v. State,
945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d) (holding that defendant could not
assert cruel and unusual punishment for first time on appeal).

          After
the trial court announced its sentence at the punishment hearing, appellant
voiced his sole objection to the maximum punishment by stating, “I think it’s
too much time.”  Appellant made this
objection; defense counsel made no objection, despite the judge’s asking twice
if there was anything else counsel would like to say.  

          In
Rezac v. State, the Texas Court of Criminal Appeals stated that “[i]n order
for an issue to be preserved on appeal, there must be a timely objection which specifically states the legal basis
for the objection.” 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); see also Rhoades, 934
S.W.2d at 119
(reasoning that one must specifically state legal basis for objection as
well).  At no time did appellant argue
that his sentence violated the Eighth Amendment of the United States
Constitution or Article 1, Section 13 of the Texas Constitution.   Appellant’s only statement was, “I think it
is too much time.”  Accordingly, we hold
that appellant has failed to preserve his error for appeal on this issue.[1]

GROSSLY DISPROPORTIONATE SENTENCES

Furthermore, even if the appellant
had preserved the issue, the sentences did not constitute cruel and unusual
punishment.

Eighth Amendment  

In point of error number one,
appellant contends that his triple life sentences are unconstitutional under
the Eighth Amendment to the United States Constitution.  Appellant argues that his punishment was so
disproportionate to his crimes that it constituted cruel and unusual punishment
under the Eighth Amendment.  The
statutory punishment for a first-degree felony is confinement for life or any
term of not more than ninety-nine years or less than five years.  Tex. Penal
Code Ann. §
12.32.  The court assessed the maximum
punishment in these cases.

“Although a sentence may be within
the range permitted by statute, it may nonetheless run afoul of the Eighth
Amendment prohibition against cruel and unusual punishment.” Solem, 463 U.S. at
290, 103 S. Ct. at 3009 (1983); Diaz-Galvan v. State, 942 S.W.2d 185, 186 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). 
The Supreme Court
has set forth objective factors to be considered in reviewing the
proportionality of a sentence under the Eighth Amendment: (1) the gravity of
the offense and the harshness of the penalty; (2) the sentences imposed on
other criminals in the same jurisdiction; and (3) the sentences imposed for
commission of the same crime in other jurisdictions. See Solem, 463 U.S. at 290-91, 103 S. Ct. at
3011. 

In reconsidering its Solem analysis, a majority of the Court concluded that punishment
will be grossly disproportionate to a crime only when an objective comparison
of the gravity of the offense against the severity of the sentence reveals the
sentence to be extreme.  Harmelin v. Michigan, 501 U.S. 957, 1105, 111 S. Ct. 2680, 2707 (1991). 
In McGruder v. Puckett,
the Fifth Circuit Court of Appeals analyzed Harmelin and concluded that
courts must “initially make a threshold comparison of the gravity of [the] offenses against the severity of
[the] sentence.” 954 F.2d 313, 316 (5th Cir. 1992)  “Only if we infer that the sentence
is grossly disproportionate to the offense will we then consider the remaining factors of the Solem
test and compare the sentence
received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the
same crime in other jurisdictions.” Id.

A threshold proportionality analysis
requires a comparison of the gravity of the crime with the severity of the
sentence.  Harmelin,
501 U.S. at 1005,
111 S. Ct. at 2707; McGruder,
954 F.2d at 316 .  This Court will review a sentence to
determine whether it is grossly disproportionate to the crime.  See Harmelin, 501 U.S. at 1005, 111 S.Ct. at 2707.   In
determining whether a sentence is grossly disproportionate, we consider not only the present offense,
but also appellant’s criminal history. Buster v. State, 144 S.W.3d 71,
81 (Tex. App.—Tyler 2004, no pet.); Culton
v. State, 95 S.W.3d 401, 403–04 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d). 

          Gravity of the Offenses

We
judge the gravity of the offense in light of the harm caused or threatened to
society and the offender’s culpability. Moore v. State, 54 S.W.3d 529,
542 (Tex. App.—Fort Worth 2001, pet. ref’d). Appellant pleaded guilty to aggravated sexual assault
of a child, aggravated robbery, and burglary of a habitation with intent to
commit aggravated sexual assault of a child. 
Tex. Penal Code Ann. §§ 22.021, 29.03, 30.02.  All of these offenses are first degree
felonies, and appellant received three life sentences to be served concurrently,
which is at the maximum punishment allowed for each offense. 

The evidence shows that appellant
sexually assaulted two minors and physically assaulted another minor.  Each of these assaults was committed while
appellant was burglarizing a home. The harm to the victims of these assaults is
evident, as well as the threat to society. 


In his defense, appellant argued that
his culpability for the crimes was lessened because he was addicted to drugs
and started robbing people to pay for his habit.  While he may have turned to burglary and
robbery to support his drug habit, his culpability for the sexual assaults is
not lessened by such evidence. 

The Texas Legislature has indicated a
strong desire to punish those who sexually assault children by passing laws
allowing consecutive sentences for multiple offenses committed during the same
episode.  See Tex. Penal Code Ann. § 3.03(b)(2)(A) (Vernon 2003).  Therefore, given the violent nature and
heinousness of the offenses, we conclude that the appellant’s sentences are not
grossly disproportionate to the offenses. 
Dale v. State, 170 S.W.3d 797,
800 (Tex. App.—Fort Worth 2005, no pet.);
Bailey v. State, No. 14-01-00486-CR, 2002 WL 122295, at *2 (Tex.
App.—Houston [14th Dist.] Jan. 31, 2002, no pet.) (holding that “[b]y making
the aggravated sexual assault of a child a first degree felony, the legislature
has identified the crime as among the most heinous acts addressed in the penal
code. And rightfully so; the impact on the victim emotionally, physically, and
psychologically is often quite severe and lifelong. With that in mind, the . .
. sentences imposed by the court in these cases do not seem grossly
disproportionate to the crimes committed.”).  

Harshness of the Penalties 

When
conducting an Eighth Amendment proportionality analysis, we may consider the
sentence imposed in light of the accused’s other offenses. Culton, 95 S.W.3d at 403. Here, appellant
pleaded guilty to aggravated
sexual assault of a child, aggravated robbery, and burglary of a habitation
with intent to commit aggravated sexual assault of a child.  At punishment, the State presented extraneous
offense evidence that appellant had burglarized another home and sexually
assaulted a minor therein, while holding a knife to her throat.  In light of the seriousness of and violence
involved in the crimes to which appellant pleaded guilty, as well the evidence
of other similar extraneous offenses, appellant’s sentences are not unduly
harsh.

In sum, after weighing the gravity of
the offenses against the harshness of the penalties assessed, we conclude that
appellant’s life sentences are not grossly disproportionate to the offenses that
he committed.

Because appellant has not passed the
threshold determination that his sentence was grossly disproportionate, we do
not discuss the remaining Solem factors.

Article I, Section 13 of the Texas
Constitution

In point of error two, appellant also advances the same complaint, relying on Article I, section
13 of the Texas Constitution.
 It has long been recognized that if the
punishment assessed is within the range of punishment established by the Legislature
under its constitutional authority, there is no violation of the state constitutional
provisions against cruel and unusual punishment.  McNew v. State,
608 S.W.2d 166, 174 (Tex. Crim. App. 1978); Samuel v. State,
477 S.W.2d 611, 614 (Tex. Crim. App. 1972); Francis v. State,
877 S.W.2d 441, 444 (Tex. App.—Austin 1994, pet. ref’d); Johnson v. State,
864 S.W.2d 708, 725 (Tex. App.—Dallas 1993), aff’d, 912 S.W.2d 227 (Tex. Crim. App. 1995).  Normally, under these circumstances, it is not
within the province of an appellate court to pass upon the propriety of the
sentence. Gonzales v. State,
386 S.W.2d 139, 140 (Tex. Crim. App. 1965).

Appellant, in his brief, concedes
that the three life sentences imposed by the trial court were within the range
of the punishment authorized by the Texas Legislature for first degree
felonies.  Because the punishment was
assessed within the range of punishment established by the Legislature under
its constitutional authority, there is no violation of the state constitutional
provisions against cruel and unusual punishment.  McNew, 608 S.W.2d at
174; Samuel,
477 S.W.2d at 614; Francis,
877 S.W.2d at 444; Johnson,
864 S.W.2d at 725. 

 

 

 

 

 

 

CONCLUSION

Accordingly, we overrule appellant’s
points of error one and two.  We affirm
the judgments of the trial court.

 

          

                                                                   Sherry
Radack

                                                                   Chief
Justice

 

Panel consists of Chief Justices
Radack and Justices Alcala and Higley.

Do
not publish.  Tex. R. App. P. 47.2(b)  

 


 

 

 











[1]
              Moveover, we note that appellant’s counsel did not
object.  A criminal defendant is not
entitled to hybrid representation.  See Robinson v. State, 240 S.W.3d 919,
922 (Tex. Crim. App. 2007).